UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHANIE LYNN FORD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHRISTIANA CARE HEALTH ) <br> SYSTEMS, RICHARD BURTON, ) <br> and CLARA CLARK, ) <br> ) <br> Defendants. ) | Consolidated <br> Civil Action Nos. <br> 06-301-KAJ, 06-458-KAJ |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL
AGAINST DEFENDANTS FOR FAILURE TO PRODUCE DOCUMENTS**

David H. Williams (DE 616)
James H. McMackin, III (DE 4284)
MORRIS JAMES LLP
500 Delaware Ave., Suite 1500
P.O. Box 2306
Wilmington, DE 19899
302.888.6900
dwilliams@morrisjames.com
jmcmackin@morrisjames.com

Michael J. Ossip (admitted pro hac vice)
Thomas S. Bloom (admitted pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
215.963.5543

Attorneys for Defendants

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

I.    NATURE AND STAGE OF PROCEEDING .......................................................... 1

II.    SUMMARY OF ARGUMENT .................................................................................. 1

III.    STATEMENT OF PROCEDURAL FACTS............................................................ 2

IV.    ARGUMENT............................................................................................................... 3

    A.    Standard of Review........................................................................................ 3

    B.    Plaintiff's Motion Fails Because Defendants Have Already Provided Complete Discovery Responses. ................................................... 5

    C.    Plaintiff's Motion Fails Because Her Requests Are Not Set Forth With Reasonable Particularity ...................................................................... 9

V.    CONCLUSION......................................................................................................... 10

# TABLE OF AUTHORITIES

## CASES

Bruggeman v. Blagojevich, 219 F.R.D. 430 (N.D. Ill. 2004)..........................................4, 9

Camden Iron & Metal, Inc. v. Marubeni Am. Corp., 138 F.R.D. 438
    (D.N.J. 1991)................................................................................................. 3-4, 5

Ford v. UNUM Life Ins. Co. of Am., No. 1:05-cv-118, Docket Entry Nos. 51, 52............1

La Chemise Lacoste v. Alligator Co., 60 F.R.D. 164 (D. Del. 1973)..............................4, 5

Robbins v. Camden City Bd. of Educ., 105 F.R.D. 49 (D.N.J. 1985)..............................4, 9

## STATUTES

Fed. R. Civ. P. 34(a) .........................................................................................................3

Fed. R. Civ. P. 34(b) .........................................................................................................4

Fed. R. Civ. P. 37(a)(3).....................................................................................................5

## MISCELLANEOUS

7-34 JAMES C. FRANCIS IV, MOORE'S FEDERAL PRACTICE - Civil § 34.12[2]
    (2006) ....................................................................................................................4, 6

I.      **NATURE AND STAGE OF PROCEEDING**

On May 8, 2006, *pro se* plaintiff Stephanie Ford ("Plaintiff") filed a Complaint against Christiana Care Health Systems ("Christiana Care"), Clare Clark, and Richard Burton (collectively "Defendants"). Plaintiff's Complaint appears to allege, among other things, that Christiana Care terminated her employment and that Defendants failed to rehire her in violation of the Family and Medical Leave Act and various other statutes. On December 13, 2006, Plaintiff filed the instant Motion to Compel Against the Defendants for Failure to Produce Documents (the "Motion"), to which Defendants now respond. Discovery closed on December 21, 2006.

II.     **SUMMARY OF ARGUMENT**

1. Plaintiff's Motion, which mischaracterizes the scope of Defendants' document production, is wholly without merit and should be denied for several reasons. First, subject to Defendants' objections to the breadth and vagueness of Plaintiff's document requests, Defendants have fully responded to Plaintiff's requests and have produced all responsive documents within their possession or control. Second, notwithstanding Plaintiff's apparent belief that Defendants produced fewer documents than she expected to receive, Plaintiff's Motion fails to identify any specific additional documents she seeks to compel. Finally, Plaintiff admits that the purpose of her motion is not to obtain documents relevant to this case, but rather to enable her "to answer [a] Memorandum Opinion Order dated December 6, 2006" issued by Judge Jordan in a lawsuit between Plaintiff and UNUM Life Insurance Company ("UNUM"). (Pl.'s Mot. at 2; see Ford v. UNUM Life Ins. Co. of Am., No. 1:05-cv-118, Docket Entry Nos. 51, 52).

1

III. **STATEMENT OF FACTS**

1. Plaintiff's Complaint against Defendants relates to her April 2004 separation from employment with Christiana Care and her subsequent unsuccessful attempt to obtain reemployment at Christiana Care.

2. On October 2, 2006, Plaintiff served her Request to Produce Documents which sought "all information" pertaining to the various employment benefits that she received while she worked at Christiana Care, and "in letter form, the person or persons who authorized and is responsible for the termination of the Plaintiff ... employment status, employment benefits, and the reason for the employment termination." (Pl.'s Req. to Produce Docs., attached hereto as Ex. A).

3. On November 2, 2006, Defendants objected to Plaintiff's initial requests because they were overbroad, vague, and ambiguous. (Def.'s Resp. & Obj. to Pl.'s Req. to Produce Docs., attached hereto as Exhibit B). Subject to those objections, Defendants produced all responsive, non-privileged documents within their possession or control. (Id.)

4. In a subsequent telephone conversation with defense counsel, Plaintiff expressed her belief that Defendants' production was inadequate. Defense counsel requested that Plaintiff prepare a letter identifying the specific additional information she sought. Plaintiff responded in a November 20, 2006 letter that merely restated her original requests and added a seventeen-year time limitation. (Pl.'s Second Attempt to Retrieve Docs., attached hereto as Exhibit C). Defendants responded on December 1, 2006 by renewing their objections, supplementing their production, and explaining that they had produced all responsive documents within their possession or control. (Def.'s Resp. & Obj. to Pl.'s Supp. Req. for Production, attached hereto as Exhibit D).

2

5. Notably, Defendants also served third-party subpoenas *duces tecum* on the companies that provided Plaintiff with her life insurance policy, long-term disability policy, and pension plan. (Nov. 14, 2006 subpoena to UNUM Life Ins. Co. of Am. and Nov. 20, 2006 subpoena to The Lincoln Nat'l Life Ins. Co., attached hereto as Exhibits E & F). Defendants provided Plaintiff with copies of the subpoenas and produced to Plaintiff a complete copy of the documents that they received in response to the subpoenas. (See Dec. 7, 2006 and Dec. 8, 2006 letters to Plaintiff from Morgan, Lewis & Bockius LLP, attached hereto as Exhibits G & H).

6. Plaintiff apparently continues to believe that Defendants have not produced documents responsive to her discovery requests, although her Motion does not specify what additional documents she seeks. Defendants are at a loss as to what documents Plaintiff believes are missing from the production, and should not be compelled to speculate and go on a fishing expedition to attempt to locate unspecified documents. This is particularly true where, as here, Plaintiff admittedly filed her Motion for the purpose of obtaining information to support her claims in a lawsuit she filed against UNUM.

## IV. ARGUMENT

### A. Standard of Review.

Rule 34 of the Federal Rules of Civil Procedure allows a party to serve requests for documents "which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). "[A] party seeking production of documents bears the burden of establishing the opposing party's control over those documents. . . . Control is defined as the legal right, authority or ability to obtain documents upon demand."

3

Camden Iron & Metal, Inc. v. Marubeni Am. Corp., 138 F.R.D. 438, 441 (D.N.J. 1991) (internal citations omitted). Moreover, where the responding party "avers that it has produced all documents in its possession, custody or control . . . [it] cannot be required to produce the impossible and no compulsion order will be entered. . . ." La Chemise Lacoste v. Alligator Co., 60 F.R.D. 164, 172 (D. Del. 1973). The responding party cannot be "compelled to create, or cause to be prepared, new documents solely for their production. Rule 34 only requires a party to produce documents that are already in existence." 7-34 JAMES C. FRANCIS IV, MOORE'S FEDERAL PRACTICE - CIVIL § 34.12[2] (2006).

To comply with its Rule 34 obligations, the requesting party must also "set forth, either by individual item or by category, the items to be inspected, and describe each with reasonable particularity." Fed. R. Civ. P. 34(b). To meet the "reasonable particularity" requirement, "the party requesting the production of documents must provide 'sufficient information to enable the [responding party] to identify responsive documents'." Bruggeman v. Blagojevich, 219 F.R.D. 430, 436 (N.D. Ill. 2004) (finding that document requests were too vague because they "require[d] [the defendants] to ponder and to speculate in order to decide what is and what is not responsive") (internal citations omitted); Robbins v. Camden City Bd. of Educ., 105 F.R.D. 49, 60 (D.N.J. 1985) (finding that an interrogatory requesting documents that "refer or relate to" the plaintiff to be "too broad and ambiguous to meet the 'reasonable particularity' standard"). If the requests do not meet this standard, a party cannot be compelled to respond. Bruggeman, 219 F.R.D. at 436.

4

### B. Plaintiff's Motion Fails Because Defendants Have Already Provided Complete Discovery Responses.

An order compelling the production of discovery is inappropriate here because Defendants have already provided complete discovery responses, and because Plaintiff has not established that Defendants have control over or possess any additional documents. Fed. R. Civ. P. 37(a)(3); Camden Iron & Metal, Inc., 138 F.R.D. at 441. Although Defendants do not concede the relevance of Plaintiff's requests, they nevertheless responded to her vague and ambiguous discovery requests "by giving the best information [they] have available and ha[ve] produced all related documents in [their] custody, possession, and control. . . ." La Chemise Lacoste, 60 F.R.D. at 172. That is all the law requires. There is not one category of documents that Defendants have refused to produce.

Plaintiff's Motion seeks to compel production of the following:

- "In letter form, the person or persons who authorized and [were] responsible for the termination of [her] ... employment status, employment benefits, and the reason for the employment termination at Christiana Care...."

- "[A]ll information pertaining to [Plaintiff's] pension benefits...."

- "[A]ll information pertaining to [Plaintiff's] medical benefits."

- "[A]ll information pertaining to [Plaintiff's] life insurance policy."

- "[A]ll information pertaining to the Plaintiff's personal accident insurance . . . from August 1987 to October 28, 2003."

- "[A]ll information pertaining to the Plaintiff's Dental Insurance Coverage . . . from August 1987 through October 28, 2003."

- "[A]ll information pertaining to the Plaintiff's Long Term Disability Benefits . . . from August 1987 to October 28, 2003."

5

(Pl.'s Mot. at 1-2.) As to each of these categories of documents, Plaintiff states that the Defendants have either "refused" to provide her with the requested information or produced only one or two documents. These assertions are false.

Preliminarily, the discovery rules do not require Defendants to create new documents and, therefore, they have not drafted a document "in letter form" in response to Plaintiff's request regarding her termination from employment and the discontinuance of her benefits. See 7-34 JAMES C. FRANCIS IV, MOORE'S FEDERAL PRACTICE - CIVIL § 34.12[2] (2006). Rather, Defendants responded to Plaintiff's request as follows:

> Christiana Care . . . removed Plaintiff from payroll because she exhausted her 24-week leave of absence under the Family and Medical Leave Act and Christiana Care policies. The decision to remove Plaintiff from payroll was permissible under the FMLA and authorized by Christiana Care's written leave policies, copies of which are being produced. Because Plaintiff was no longer working at or employed by Christiana Care, she was no longer eligible for employment benefits.

(Ex. B at 3). Defendants also provided Plaintiff with a copy of Christiana Care's written leave policies (id.), and later supplemented their response by providing the documents attached to Plaintiff's Motion. Although Plaintiff asserts otherwise, these documents provide the exact information that she requested. The April 2004 termination form shows that Plaintiff was terminated because she "exhausted her 24 wk leave period," and that her termination was approved by Sharon Pietlock. (Pl.'s Mot. at D0195). The April 19, 2004 letter to Plaintiff from a Christiana Care Employee Relations Assistant explains that she was removed from payroll as of April 13, 2004, and provides her with information regarding the procedure for applying for long-term disability benefits, converting her life insurance policy, and continuing her health and dental coverage. (Pl.'s Mot. at D0196). Defendants have produced all responsive documents within their possession or control.

To the extent the produced documents do not conform to Plaintiff's request for information "in letter form," no such document exists.

Plaintiff next seeks "all information pertaining to her pension benefits." (Pl.'s Mot. at 1). Although Plaintiff's request falls far short of Rule 34's "reasonable particularity" standard, Defendants produced much more than "one document" as Plaintiff asserts. In fact, Defendants produced Plaintiff's Tax Deferred Annuity Matching Contribution Plan, the Christiana Care Retirement Plan Summary Description, Plaintiff's Tax Sheltered Annuity Participation Agreement, Retirement Plan Participation Agreement, 403(b) plan participation agreements, as well as the document attached to Plaintiff's Motion, which reflects her individual benefits and the fact that she will begin receiving payments of $389.27 per month from her pension plan on March 1, 2027.

Moreover, Defendants served Lincoln National Life Insurance Company ("Lincoln," the benefits administrator) with a third-party subpoena *duces tecum* "seeking all documents concerning any retirement plans, pension plans, life insurance plans, 401(k) plans, 403(b) plans, or any other employee benefit plans for Stephanie Lynn Ford. . . ." (Ex. F). Defendants provided Plaintiff with a copy of the subpoena and the 239 documents that Lincoln produced in response to the subpoena. (Ex. H). Defendants have fully responded to this request and no further production is possible or warranted.

Plaintiff also seeks "all information pertaining to" her life insurance and personal accident insurance policy, and asserts that "defendants refuse to forward [her] the information," and that "defendants have only sent [her] 2 sheets of paper," in response to these requests. (Pl.'s Mot. at 1 – 2). In fact, although Defendants objected to this request due to its vagueness, ambiguity, and overbreadth, they produced Plaintiff's Group Life

7

Insurance Plan and beneficiary designation forms. Defendants also served UNUM with a third-party subpoena *duces tecum*. (Ex. E). Defendants provided Plaintiff with a copy of the 350 documents they received in response to the subpoena, which included documents pertaining to Plaintiff's long-term disability policy. (Ex. G). Defendants' Responses and Objections to Plaintiff's Supplemental Request for Production informed Plaintiff that they had produced all responsive documents within their possession or control. (Ex. D). Defendants do not possess any additional responsive documents.

Plaintiff also claims that "Defendants have refused to provide [her] with all Long-Term Disability information." (Pl.'s Mot. at 2). In addition to the documents produced by UNUM in response to Defendants' subpoena, Defendants produced Plaintiff's Long Term Disability Plan, application for disability benefits, and all related communications between UNUM and Christiana Care. Defendants have no other documents responsive to this request.

Finally, Plaintiff claims that Defendants did not produce any documents in response to her requests seeking "all information" pertaining to her medical and dental benefits. However, in addition to providing Plaintiff with her medical and dental plan enrollment forms, Defendants recently located and produced a copy of the MidAtlantic Advantage Benefit Booklet, which was the benefit plan in effect at the time of Plaintiff's separation from employment. (Dec. 13, 2006 letter to Plaintiff from Morgan, Lewis & Bockius LLP, attached hereto as Exhibit I). Defendants have no other documents responsive to this request.

In short, Defendants have produced all documents reasonably responsive to Plaintiff's requests to the extent such documents exist and are within Defendants'

possession or control. Defendants do not possess any additional responsive documents. Plaintiff's Motion does not identify any documents that Defendants failed to produce. Accordingly, the Court should deny Plaintiff's Motion.

      C.    **Plaintiff's Motion Fails Because Her Requests Are Not Set Forth With Reasonable Particularity.**

Putting aside the fact that Defendants have already produced all responsive documents and the fact that Plaintiff admittedly filed the instant Motion for the purpose of supporting her claims in a lawsuit between Plaintiff and UNUM, neither Plaintiff's initial document requests, nor her "Second Attempt to Retrieve Documents," nor her Motion describe with any particularity the additional documents that she seeks. Plaintiff's requests and Motion seek "all information pertaining to" her various benefits for a seventeen-year time-span —— requests akin to those seeking all documents that "refer or relate to the plaintiff," which were found to be deficient in Robbins. 105 F.R.D. at 60. Defendants have responded to Plaintiff's vague and irrelevant requests to the best of their ability. An order compelling Defendants to produce more information will require them to "ponder and to speculate" as to what more could possibly be responsive. Bruggeman, 219 F.R.D. at 436. This is more than the Federal Rules require, and Plaintiff's Motion therefore fails.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Compel Against Defendants for Failure to Produce Documents.

Respectfully submitted,

/s/ James H. McMackin, III
David H. Williams (DE 616)
James H. McMackin, III (DE 4284)
MORRIS JAMES LLP
500 Delaware Ave., Suite 1500
Wilmington, DE 19899
302.888.6900
dwilliams@morrisjames.com
jmcmackin@morrisjames.com

Michael J. Ossip (admitted pro hac vice)
Thomas S. Bloom (admitted pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
215.963.5543

Dated: December 22, 2006        Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHANIE LYNN FORD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHRISTIANA CARE HEALTH )<br>SYSTEMS, RICHARD BURTON, )<br>and CLARA CLARK, )<br>)<br>Defendants. ) | Consolidated<br>Civil Action Nos.<br>06-301-KAJ, 06-458-KAJ |

## ORDER

AND NOW, this _____ day of _____, _____, upon consideration of Plaintiff's Motion to Compel Against Defendants for Failure to Produce Documents and Defendants' Opposition thereto, it is hereby ordered that Plaintiff's Motion is **DENIED**.

_____
J.

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing Defendants' Opposition to Plaintiff's Motion to Compel Against Defendants for Failure to Produce Documents with the Clerk of Court by using the CM/ECF system, and that a true and correct copy of the same was served by first-class, United States mail on December 22, 2006 upon:

Stephanie L. Ford
19 Albany Ave.
New Castle, DE
7 North Columbus Boulevard
Philadelphia, PA  19720

_____
James H. McMackin, III    (#4284)