# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

STEPHANIE LYNN FORD,      )
                                  )
        Plaintiff,      )
                                  )    Consolidated
        v.              )    Civil Action Nos.
                                  )    06-301-KAJ, 06-458-KAJ
CHRISTIANA CARE HEALTH     )
SYSTEMS, RICHARD BURTON,    )
and CLARA CLARK,      )
                                  )
        Defendants.     )

## EXHIBITS IN SUPPORT OF DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AGAINST DEFENDANTS FOR FAILURE TO PRODUCE DOCUMENTS

| |
|---|
| David H. Williams (DE 616) |
| James H. McMackin, III (DE 4284) |
| MORRIS JAMES LLP |
| 500 Delaware Ave., Suite 1500 |
| P.O. Box 2306 |
| Wilmington, DE  19899 |
| 302.888.6900<br>dwilliams@morrisjames.com<br>jmcmackin@morrisjames.com |
| Michael J. Ossip (admitted pro hac vice) |
| Thomas S. Bloom (admitted pro hac vice) |
| MORGAN, LEWIS & BOCKIUS LLP |
| 1701 Market Street |
| Philadelphia, PA  19103 |
| 215.963.5543 |
| Attorneys for Defendants |
| |

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

STEPHANIE LYNN FORD,                )
                                    )
            Plaintiff,              )
                                    )
    V.                              )        Civil Action No. 06-301 (KAJ)
                                    )
CHRISTIANA CARE HEALTH              )
SYSTEMS, RICHARD BURTON, and        )
CLARA CLARK,                        )
                                    )
            Defendants.             )

2006 OCT -2  AM 8: 34

REQUEST TO PRODUCE DOCUMENTS

    I THE PLAINTIFF, STEPHANIE LYNN FORD, PRO-SE, HEREBY RESPECTFULLY
AM REQUESTING THIS HONORABLE COURT, TO GRANT THE PLAINTIFF'S REQUEST
TO OBTAIN THE FOLLOWING LISTED DOCUMENTS FROM THE DEFENDANTS, CHRISTIANA
CARE HEALTH SYSTEMS, RICHARD BURTON, and CLARA CLARK,

1. Plaintiff, Stephanie Lynn Ford, resides at 19 Albany Ave. Newcastle, Delaware 19720

2. Defendants, CHRISTIANA CARE HEALTH SYSTEMS, RICHARD BURTON, and
   CLARA CLARK, / DAVID H. WILLIAMS (# 616) MORRIS, JAMES , HITCHENS &
   WILLIAMS LLP 222 Delaware Ave., 10th Floor P.O. Box 2306 Wilmington, De. 19899

DOCUMENT #1.  IN LETTER FORM, THE PERSON OR PERSONS WHO AUTHORIZED
              AND IS RESPONSIBLE FOR THE TERMINATION OF ALL THE PLAINTIFF'S
              STEPAHNIE LYNN FORD EMPLOYMENT BENEFITS AND EMPLOYMENT
              STATUS, AND THE REASON FOR THE TERMINATION.

DOCUMENT #2.  PLEASE PRODUCE ALL INFORMATION PERTAINING TO MY
              PENSION BENEFITS FROM THE DEFENDANT, CHRISTIANA CARE
              HEALTH SYSTEMS.

DOCUMENT # 3. PLEASE PRODUCE ALL INFORMATION PERTAINING TO MY
              MEDICAL BENEFITS.

DOCUMENT # 4. PLEASE PRODUCE ALL INFORMATION PERTAINING TO MY
              LIFE INSURANCE POLICY.

DOCUMENT #5.  PLEASE PRODUCE ALL INFORMATION PERTAINING TO MY
              PERSONAL ACCIDENT INSURANCE.

DOCUMENT # 6. PLEASE PRODUCE ALL INFORMATION PERTAINING TO MY
              DENTAL INSURANCE COVERAGE.

DOCUMENT # 7. PLEASE PRODUCE ALL INFORMAION PERTAINING TO MY
              LONG TERM DISABILITY BENEFITS.

SINCERELY ,

*Stephanie L. Ford*

STEPHANIE LYNN FORD
19 ALBANY AVE.
NEWCASTLE, DELAWARE 19720
OCTOBER 2, 2006


CC:  David H. Williams (#616)
MORRIS, JAMES, HITCHENS &
WILLIAMS LLP


PF:

CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES

THAT COPIES OF THE FOREGOING

WERE CAUSED TO BE SERVED THIS

2ND DAY OF OCTOBER 2006, UPON THE

FOLLOWING IN THE MANNER INDICATED:

U.S. CERITIFIED MAIL

DAVID H. WILLIAMS (#616)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 DELAWARE AVE., 10TH FLOOR
P.O.BOX 2306
WILMINGTON, DE 19899

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEPHANIE LYNN FORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-301-KAJ |
| | ) | |
| CHRISTIANA CARE HEALTH | ) | |
| SYSTEMS, RICHARD BURTON, and | ) | |
| CLARA CLARK, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' RESPONSES AND OBJECTIONS TO
### PLAINTIFF'S REQUEST TO PRODUCE DOCUMENTS

Defendant Christiana Care Health Systems ("Christiana Care"), Richard Burton, and Clare

Clark (collectively "Defendants"), by and through their attorneys, hereby respond and object to

Plaintiff Stephanie Ford's ("Plaintiff") Request to Produce Documents in accordance with the

numbered paragraphs set forth below. These responses and objections reflect Defendants' current

knowledge and the results of their investigation to date. Defendants reserve the right to amend or

supplement these responses and objections in the future in accordance with the Federal Rules of

Civil Procedure as may be necessary or appropriate.

In furnishing these responses, Defendants do not admit or concede the relevance,

materiality, or admissibility in evidence of the information provided. All objections to the use of

such information, at trial or otherwise, are expressly reserved.

### GENERAL OBJECTIONS

1.    Defendants object to each Request to the extent it imposes obligations greater than or

inconsistent with those provided for in the Federal Rules of Civil Procedure and/or decisional law

regarding the proper and permissible scope of discovery.

1479517/1

2.      Defendants object to each Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or protective doctrine.  Inadvertent disclosure of any such information shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information or documents, nor shall inadvertent production waive Defendants' right to object to the requesting party's retention and/or use of any such information or documents.  Defendants further object to each Request to the extent it would require Defendants to individually identify on a privilege log privileged documents created on or after the date the complaint was filed.

3.      Defendants object to each Request to the extent it seeks information or documents already in the possession of Plaintiff or information that is equally available to Plaintiff as to Defendants.

4.      Defendants object to each Request to the extent it is vague, overbroad, unduly burdensome, oppressive, irrelevant, and will result in unnecessary and undue expense.

5.      Defendants further object to each Request to the extent it seeks information or documents that are not relevant to a claim or defense of a party and hence are outside the permissible scope of party-initiated discovery under Fed. R. Civ. P. 26(b)(1).

6.      Defendants object to each Instruction, Definition and Request to the extent it seeks confidential and private documents that concern individuals other than Plaintiff, the disclosure of which would violate the privacy interests of such individuals unless an appropriate order of this Court protecting the confidentiality of such information is in force.

7.      Defendants object to each Request to the extent it states unproven and contested allegations as matters of fact, rely on conclusions of law, and ignore or contradict established law.

2

8.    Defendants incorporate these objections by reference into each and every response below to the extent applicable. Defendants also reserve the right to raise objections at trial regarding the admissibility of any of the information which they provide or agree to provide.

## SPECIFIC OBJECTIONS AND RESPONSES

(In addition to all applicable General Objections set forth above)

1.    In letter form, the person or persons who authorized and is responsible for the termination of all the Plaintiff's Stephanie Lynn Ford employment benefits and employment status, and the reason for the termination.

**ANSWER:** In addition to their General Objections, Defendants object to this Request because it is vague and ambiguous. Subject to and without waiving any objections, Defendant Christiana Care responds that it removed Plaintiff from payroll because she exhausted her 24 week leave of absence under the Family and Medical Leave Act and Christiana Care policies. The decision to remove Plaintiff from payroll was permissible under the FMLA and authorized by Christiana Care's written leave policies, copies of which are being produced. Because Plaintiff was no longer working at or employed by Christiana Care, she was no longer eligible for employment benefits.

2.    Please produce all information pertaining to my pension benefits from the defendant, Christiana Care Health Systems.

**ANSWER:** In addition to their General Objections, Defendants object to this Request because it is over broad, contains no reasonable time limitation, and also because it is vague and ambiguous in that "pension benefits" is not defined. Subject to and without waiving any objections, Defendant Christiana Care will produce responsive, non-privileged documents to the extent such documents exist and have been located.

3

3.    Please produce all information pertaining to my medical benefits.

**ANSWER:** In addition to their General Objections, Defendants object to this Request because it is over broad, contains no reasonable time limitation, and because it is vague and ambiguous.  Subject to and without waiving any objections, Defendant Christiana Care will produce responsive, non-privileged documents to the extent such documents exist and have been located.

4.    Please produce all information pertaining to my life insurance policy.

**ANSWER:** In addition to their General Objections, Defendants object to this Request because it is over broad, contains no reasonable time limitation, and because it is vague and ambiguous.  Subject to and without waiving any objections, Defendant Christiana Care will produce responsive, non-privileged documents to the extent such documents exist and have been located.

5.    Please produce all information pertaining to my personal accident insurance.

**ANSWER:** In addition to their General Objections, Defendants object to this Request because it is over broad, contains no reasonable time limitation, and because it is vague and ambiguous.  Subject to and without waiving any objections, Defendant Christiana Care will produce responsive, non-privileged documents to the extent such documents exist and have been located.

6.    Please produce all information pertaining to my dental insurance coverage

**ANSWER:** In addition to their General Objections, Defendants object to this Request because it is over broad, contains no reasonable time limitation, and because it is vague and ambiguous.  Subject to and without waiving any objections, Defendant Christiana Care will produce responsive, non-privileged documents to the extent such documents exist and have been located.

7.    Please produce all information pertaining to my long term disability benefits.

4

**ANSWER:** In addition to their General Objections, Defendants object to this Request because it is over broad, contains no reasonable time limitation, and because it is vague and ambiguous. Defendants also object because this Request seeks information that is not relevant to a claim or defense of a party. Subject to and without waiving any objections, Defendant Christiana Care will produce responsive, non-privileged documents to the extent such documents exist and have been located.

David H. Williams (I.D. No. 616)
James H. McMackin, III (I.D. No. 4284)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Ave., 10th Floor
P.O. Box 2306
Wilmington, DE 19899
302.888.6900
dwilliams@morrisjames.com
jmcmackin@morrisjames.com

Michael J. Ossip (admitted pro hac vice)
Thomas S. Bloom (admitted pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
215.963.5543

Attorneys for Defendants

Dated: November 2, 2006

1479517/1

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

STEPHANIE LYNN FORD,                    :

          Plaintiff,                    :

            v.                    :          CONSOLIDATED

CHRISTIANA CARE HEALTH SYSTEMS,     :          Civil Action No. 06-301-KAJ
RICHARD BURTON, and CLARA CLARK,    :          Civil Action No. 06-458-KAJ

          Defendants.                    :

## NOTICE OF SERVICE

    I hereby certify that on the 2nd day of November, 2006, two (2) copies of

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUEST TO**

**PRODUCE DOCUMENTS** were served by placing same in the United States Mail, postage

prepaid, addressed to the following counsel of record:

        Stephanie Lynn Ford
        19 Albany Avenue
        New Castle, DE  19720

                _Jam. H. McMackin_

                David H. Williams (#616)
                dwilliams@morrisjames.com
                James H. McMackin, III (#4284)
                jmcmackin@morrisjames.com
                **MORRIS, JAMES, HITCHENS &**
                  **WILLIAMS LLP**
                222 Delaware Ave., 10th Floor
                P.O. Box 2306
                Wilmington, DE  19899
                (302) 888-6900/5849

1479356/1

Michael J. Ossip (admitted *pro hac vice*)
Thomas S. Bloom (admitted *pro hac vice*)
Kendra L. Baisinger (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
(215) 963-5000
fax:  (877) 432.9652

Dated:  November 2, 2006                    Attorneys for Defendants

1479356/1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

STEPHANIE LYNN FORD,         :

             Plaintiff,    :

                      :

       v.           :      CONSOLIDATED

                      :      Civil Action No. 06-301-KAJ

CHRISTIANA CARE HEALTH SYSTEMS, :      Civil Action No. 06-458-KAJ

RICHARD BURTON, and CLARA CLARK, :

                      :

         Defendants.    :

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on November 2, 2006, I electronically filed the attached

**NOTICE OF SERVICE** with the Clerk of Court using CM/ECF, and that I have mailed by

United States Postal Service the document to the following non-registered participant:

Stephanie Lynn Ford
19 Albany Avenue
New Castle, DE 19720

David H. Williams (#616)
dwilliams@morrisjames.com
James H. McMackin, III (#4284)
jmcmackin@morrisjames.com
MORRIS, JAMES, HITCHENS &
   WILLIAMS LLP
222 Delaware Ave., 10th Floor
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900/5849

Michael J. Ossip (admitted *pro hac vice*)
Thomas S. Bloom (admitted *pro hac vice*)
Kendra L. Baisinger (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
Attorneys for Defendants

Dated: November 2, 2006

DHW/011747-0043/1412213/1

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

Kendra L. Baisinger
215.963.5624
kbaisinger@morganlewis.com

# Morgan Lewis
### COUNSELORS AT LAW

November 2, 2006

**VIA OVERNIGHT MAIL**

Stephanie Ford
19 Albany Ave.
New Castle, DE 19720

Re:     Ford v. Christiana Care, et al., C.A. No. 06-301

Dear Ms. Ford:

      Enclosed please find documents Bates labeled D0001 – D0194, which are being produced in response to Plaintiff's Request to Produce Documents in the above-referenced matter. Please note that these documents are to be used only for purposes of this litigation.

Sincerely,

Kendra L. Baisinger

KLB

Enclosure

cc:     Thomas S. Bloom, Esq. (w/o encl.)
       David H. Williams, Esq. (w/o encl.)

# EXHIBIT C

TO: MORGAN, LEWIS & BOCKIUS LLP
    MS. KENDRA L. BAISINGER
    1701 MARKET STREET
    PHILADELPHIA, PA 19103-2921


FROM: STEPHANIE LYNN FORD
      19 ALBANY AVE.
      NEWCASTLE, DELAWARE 19720
      NOVEMBER 20, 2006


RE: FORD v. CHRISTIANA CARE HEALTH SYSTEMS,
         RICHARD BURTON, and CLARA CLARK, C.A. NO. 06-301 (KAJ)

DEAR MS. BAISINGER

        PER TELEPHONE CONVERSATION, I STEPHANIE LYNN FORD AM
MAKING A SECOND ATTEMPT TO RETRIEVE THE FOLLOWING DOCUMENTS.
PLEASE MAIL ME THE LISTED DOCUMENTS NO LATER THAN DECEMBER 6,
2006. OTHERWISE, I HAVE NO OTHER CHOICE BUT TO FILE A MOTION TO
COMPELL WITH THE UNITED STATES DISTRICT COURT FOR THE DISTRICT
OF DELAWARE.

DOCUMENT # 1. IN LETTER FORM, THE PERSON OR PERSONS WHO
AUTHORIZED AND IS RESPONSIBLE FOR THE TERMINATION OF THE
PLAINTIFF, STEPHANIE LYNN FORD EMPLOYMENT STATUS, EMPLOYMENT
BENEFITS, AND THE REASON FOR THE EMPLOYMENT TERMINATION AT
CHRISTIANA CARE HEALTH SYSTEMS.

DOCUMENT # 2. PLEASE PRODUCE ALL INFORMATION PERTAINING TO THE
PLAINTIFF'S PENSION BENEFITS FROM THE DEFENDANT, CHRISTIANA
CARE HEALTH SYSTEMS FROM AUGUST 1987 TO OCTOBER 28, 2003.

DOCUMENT # 3. PLEASE PRODUCE ALL INFORMATION PERTAINING TO THE
PLAINTIFF'S MEDICAL BENEFITS FROM THE DEFENDANT, CHRISTIANA
CARE HEALTH SYSTEMS FROM AUGUST 1987 TO OCTOBER 28, 2003.

DOCUMENT # 4. PLEASE PRODUCE ALL INFORMATION PERTAINING TO THE
PLAINTIFF'S LIFE INSURANCE FROM THE DEFENDANT, CHRISTIANA CARE
HEALTH SYSTEMS FROM AUGUST 1987 TO OCTOBER 28, 2003.

1

DOCUMENT # 5.  PLEASE PRODUCE ALL INFORMATION PERTAINING TO THE PLAINTIFF'S PERSONAL ACCIDENT INSURANCE FROM THE DEFENDANT, CHRISTIANA CARE HEALTH SYSTEMS FROM AUGUST 1987 TO OCTOBER 28, 2003.

DOCUMENT # 6.  PLEASE PRODUCE ALL INFORMATION PERTAINING TO THE PLAINTIFF'S DENTAL INSURANCE COVERAGE FROM THE DEFENDANT , CHRISTIANA CARE HEALTH SYSTEMS FROM AGUST 1987 TO OCTOBER 28, 2003.

DOCUMENT # 7.  PLEASE PRODUCE ALL INFORMATION PERTAINING TO THE PLAINTIFF'S LONG TERM DISABILITY BENEFITS FROM THE DEFENDANT, CHRISTIANA CARE HEALTH SYSTEMS FROM AUGUST 1987 TO OCTOBER 28, 2003.

SINCERELY,

*Stephanie L. Ford* 11/20/06

STEPHANIE LYNN FORD
19 ALBNY AVE.
NEWCASTLE , DELAWARE 19720

CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES

THAT COPIES OF THE FOREGOING

WERE CAUSED TO BE SERVED THIS

20TH DAY OF NOVEMBER 2006, UPON THE

FOLLOWING IN THE MANNER INDICATED:


U.S.  REGULAR MAIL

MORGAN, LEWIS & BOCKIUS LLP
MS. KENDRA BAISINGER
1701 MARKET STREET
PHILADELPHIA , PA 19103-2921

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

STEPHANIE LYNN FORD,     )
                               )
      Plaintiff,        )
                               )
     v.                )     Consolidated
                               )     Civil Action No. 06-301 KAJ
CHRISTIANA CARE HEALTH     )     Civil Action No. 06-458-KAJ
SYSTEMS, RICHARD BURTON, and     )
CLARA CLARK,             )
                               )
      Defendants.     )

**DEFENDANTS' RESPONSES AND OBJECTIONS TO
PLAINTIFF'S SUPPLEMENTAL REQUEST FOR PRODUCTION
DATED NOVEMBER 20, 2006**

Defendant Christiana Care Health Systems ("Christiana Care"), Richard Burton, and Clare

Clark (collectively " Defendants"), by and through their attorneys, hereby respond and object to

Plaintiff Stephanie Ford's ("Plaintiff") Supplemental Request for Production dated November 20,

2006 in accordance with the numbered paragraphs set forth below.

In furnishing these responses, Defendants do not admit or concede the relevance,

materiality, or admissibility in evidence of the information provided. All objections to the use of

such information, at trial or otherwise, are expressly reserved. Defendants incorporate their General

Objections from Defendants' First Responses and Objections to Plaintiff's First Request for

Production of Documents, and responds to Plaintiff's requests as follows:

**SPECIFIC OBJECTIONS AND RESPONSES**

(In addition to all applicable General Objections set forth above)

1.     In letter form, the person or persons who authorized and is responsible for the

termination of the Plaintiff, Stephanie Lynn Ford employment status, employment benefits, and the

reason for the employment termination at Christiana Care Health Systems.

**Answer:** In addition to their General Objections, Defendants object to this Request because it is vague and ambiguous, and imposes obligations greater than and inconsistent with those provided for in the Federal Rules of Civil Procedure. Subject to and without waiving any objections, please see documents D0195 and D0196, attached hereto, which may provide you with additional information. Defendants have produced all responsive, non-privileged documents to the extent such documents exist and have been located.

2.      Please produce all information pertaining to Plaintiff's pension benefits from the defendant, Christiana Care Health Systems from August 1987 to October 28, 2003.

**Answer:** In addition to their General Objections, Defendants object to this Request because it is overbroad, vague, and ambiguous. Subject to and without waiving any objections, in addition to the documents that Defendants produced in their first document production, please see document D0197, attached hereto. Defendants have produced all responsive, non-privileged documents to the extent such documents exist and have been located. Furthermore, we have served a subpoena (which you have received a copy of) on Lincoln National Life Insurance Company requesting documents relating to your benefit plans. We will send you a copy of any documents that are produced in response to the subpoena.

3.      Please produce all information pertaining to the Plaintiff's medical benefits from the defendant, Christiana Care Health Systems from August 1987 through October 28, 2003.

**Answer:** In addition to their General Objections, Defendants object to this Request because it is overbroad, vague and ambiguous. Subject to and without waiving any objections, Defendants

JYM/011747-0043/1489677/1

have already produced all responsive, non-privileged documents to the extent such documents exist and have been located.

    4.    Please produce all information pertaining to the Plaintiff's life insurance from the Defendant, Christiana Care Health System from August 1987 to October 28, 2003.

    **Answer**: In addition to their General Objections, Defendants object to this Request because it is overbroad, vague, and ambiguous. Subject to and without waiving any objections, Defendants have already produced all responsive, non-privileged documents to the extent such documents exist and have been located.

    5.    Please produce all information pertaining to the Plaintiff's personal accident insurance from the Defendant, Christiana Care Health Systems from August 1987 to October 28, 2003.

    **Answer**: In addition to their General Objections, Defendants object to this Request because it is overbroad, vague, and ambiguous. Subject to and without waiving any objections, Defendants have already produced all responsive, non-privileged documents to the extent such documents exist and have been located.

    6.    Please produce all information pertaining to the Plaintiff's dental insurance coverage from the Defendant, Christiana Care Health Systems from August 1987 to October 28, 2003.

    **Answer**: In addition to their General Objections, Defendants object to this Request because it is overbroad, vague, and ambiguous. Subject to and without waiving any objections, Defendants have already produced all responsive, non-privileged documents to the extent such documents exist and have been located.

JYM/011747-0043/1489677/1

7.    Please produce all information pertaining to the Plaintiff's long term disability benefits from the Defendant, Christiana Care Health Systems from August 1987 to October 28, 2003.

**Answer**: In addition to their General Objections, Defendants object to this Request because it is overbroad, vague, and ambiguous. Subject to and without waiving any objections, Defendants have already produced all responsive, non-privileged documents to the extent such documents exist and have been located. Furthermore, we have served Unum Life Insurance Company of America with a subpoena (which you have received a copy of) requesting documents related to your long term disability policy. We will send you a copy of any documents that are produced in response to this subpoena.

David H. Williams (I.D. No. 616)
James H. McMackin, III (I.D. No. 4284)
MORRIS JAMES LLP
500 Delaware Ave., Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
302.888.6900
dwilliams@morrisjames.com
jmcmackin@morrisjames.com

Michael J. Ossip (admitted pro hac vice)
Thomas S. Bloom (admitted pro hac vice)
Kendra L. Baisinger (admitted pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
215.963.5543

Dated: December 1, 2006                    Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

STEPHANIE LYNN FORD,                    :
                                        :
                    Plaintiff,          :
                                        :
          v.                            :        CONSOLIDATED
                                        :        Civil Action No. 06-301-KAJ
CHRISTIANA CARE HEALTH SYSTEMS,         :        Civil Action No. 06-458-KAJ
RICHARD BURTON, and CLARA CLARK.        :
                                        :
                    Defendants.         :

NOTICE OF SERVICE

I hereby certify that on the 1st day of December, 2006, two (2) copies of

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S**

**SUPPLEMENTAL REQUEST FOR PRODUCTION DATED NOVEMBER 20,**

**2006** were served by placing same in the United States Mail, postage prepaid, addressed

to the following counsel of record:

Stephanie Lynn Ford
19 Albany Avenue
New Castle, DE  19720

David H. Williams (#616)
dwilliams@morrisjames.com
James H. McMackin, III (#4284)
jmcmackin@morrisjames.com
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE  19899
(302) 888-6900/5849

1479356/1

Michael J. Ossip (admitted *pro hac vice*)
Thomas S. Bloom (admitted *pro hac vice*)
Kendra L. Baisinger (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
fax: (877) 432.9652

Dated: December 1, 2006          Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

STEPHANIE LYNN FORD,                    :

    Plaintiff,     :

           :

    v.       :  CONSOLIDATED

           :  Civil Action No. 06-301-KAJ

CHRISTIANA CARE HEALTH SYSTEMS, :  Civil Action No. 06-458-KAJ

RICHARD BURTON, and CLARA CLARK, :

           :

    Defendants.   :

**CERTIFICATE OF ELECTRONIC SERVICE**

    I hereby certify that on December 1, 2006, I electronically filed the attached **NOTICE OF SERVICE** with the Clerk of Court using CM/ECF, and that I have mailed by United States Postal Service the document to the following non-registered participant:

       Stephanie Lynn Ford
       19 Albany Avenue
       New Castle, DE 19720

       David H. Williams (#616)
       dwilliams@morrisjames.com
       James H. McMackin, III (#4284)
       jmcmackin@morrisjames.com
       MORRIS JAMES LLP
       500 Delaware Avenue, Suite 1500
       P.O. Box 2306
       Wilmington, DE 19899
       (302) 888-6900/5849

       Michael J. Ossip (admitted *pro hac vice*)
       Thomas S. Bloom (admitted *pro hac vice*)
       Kendra L. Baisinger (admitted *pro hac vice*)
       MORGAN, LEWIS & BOCKIUS LLP
       1701 Market Street
       Philadelphia, PA 19103
       (215) 963-5000

Dated: December 1, 2006   Attorneys for Defendants

DHW/011747-0043/1412213/1

# EXHIBIT E

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### DISTRICT OF MAINE

STEPHANIE LYNN FORD,

                       Plaintiff,

              v.

CHRISTIANA CARE HEALTH
SYSTEMS, RICHARD BURTON, and CLARA CLARK,

                      Defendants.

## SUBPOENA IN A CIVIL CASE

CASE
NUMBER:   06-301-KAJ (D. Del.)

TO:    Kathryn A. Reid, Registered Agent
       Unum Life Insurance Company of America
       2211 Congress Street, C475
       Portland, ME 04112

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Morgan, Lewis & Bockius LLP<br>1701 Market Street<br>Philadelphia, PA 19103 | November 28, 2006<br>by 5:00 p.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*        Attorney for Defendants | November 14, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Kendra L. Baisinger, Esquire
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
15-963-5624

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 1/94)  Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| SERVED | | | |
| SERVED ON (PRINT NAME) | | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

### (c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

### (d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

## DEFINITIONS

1.        The terms "document" or "documents" mean any written, recorded, electronic, filmed, or graphic matter, whether produced, reproduced, or on paper, cards, tapes, film, electronic facsimile, email, computer storage devices or any other media, including but not limited to memoranda, notes, minutes, records, photographs, correspondence, telegrams, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, responses to questionnaires, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, notes, diaries, records and recordings of oral conversations, work papers, and also including but not limited to, originals and all copies which are different in any way from the original whether by inter-lineation, receipt stamp, notation, indication of copies sent or received, or otherwise, and drafts, which are in the possession, custody or control of you, your present or former agents, representatives, or attorneys, or any and all persons acting on your behalf, including documents at any time in the possession, custody or control of such individuals or entities or known by you to exist.

2.        The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

## DOCUMENTS TO BE PRODUCED

1.        Any and all documents concerning the application for disability or other benefits of Stephanie Lynn Ford [SSN: 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] in your possession, custody and/or control including, but not limited to, applications for benefits; office records; records of counseling, therapy, treatment or prescriptions; medical or psychological diagnoses and prognoses; doctors' clinical or nurses' notes; doctors' orders; physical therapy records; out-patient records; billing records; summaries of records; or abstracts of records.

# EXHIBIT F

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF
### INDIANA

STEPHANIE LYNN FORD,

Plaintiff,

V.

CHRISTIANA CARE HEALTH
SYSTEMS, RICHARD BURTON, and CLARA CLARK,

Defendants.

## SUBPOENA IN A CIVIL CASE

CASE
NUMBER:   06-301-KAJ (D. Del.)

TO:    Shawn Gross
       Subpoena & Garnishment Specialist
       The Lincoln National Life Insurance Company
       Law Department
       1300 South Clinton Street, Floor 7C
       Fort Wayne, IN 46802-1110

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See Attachment A**

| PLACE | DATE AND TIME |
| --- | --- |
| Morgan, Lewis & Bockius LLP<br>1701 Market Street<br>Philadelphia, PA 19103 | December 4, 2006<br>by 5:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Attorney for Defendants | November 20, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Kendra L. Baisinger, Esquire
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
5-963-5624

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

## DEFINITIONS

1.           The terms "document" or "documents" mean any written, recorded, electronic, filmed, or graphic matter, whether produced, reproduced, or on paper, cards, tapes, film, electronic facsimile, email, computer storage devices or any other media, including but not limited to memoranda, notes, minutes, records, photographs, correspondence, telegrams, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, responses to questionnaires, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, notes, diaries, records and recordings of oral conversations, work papers, and also including but not limited to, originals and all copies which are different in any way from the original whether by inter-lineation, receipt stamp, notation, indication of copies sent or received, or otherwise, and drafts, which are in the possession, custody or control of you, your present or former agents, representatives, or attorneys, or any and all persons acting on your behalf, including documents at any time in the possession, custody or control of such individuals or entities or known by you to exist.

2.           The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

## DOCUMENTS TO BE PRODUCED

1.           Any and all documents concerning any retirement plans, pension plans, life insurance plans, 401(k) plans, 403(b) plans, or any other employee benefit plans for Stephanie Lynn Ford [SSN: 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] including, but not limited to, agreements, plan documents, policies, programs, benefits or account balance statements, loans, rollovers, withdrawals or other distributions, calculations concerning Ms. Ford's actual and/or estimated pension or retirement benefits, the value of any and all other benefits either received by Ms. Ford or anticipated to be received by Ms. Ford.

# EXHIBIT G

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Kendra L. Baisinger**
215.963.5624
kbaisinger@morganlewis.com

December 7, 2006

## VIA FEDERAL EXPRESS

Stephanie Ford
19 Albany Ave.
New Castle, DE 19720

Re:     Ford v. Christiana Care, et al., C.A. Nos. 06-301, 06-458

Dear Ms. Ford:

Enclosed please find a copy of documents bates labeled UNUM0001-UNUM0350 that we received from Unum Life Insurance Company of America pursuant to a third-party subpoena in the above referenced matter.

Sincerely,

Kendra L. Baisinger

KLB/knl
Enclosures

cc:     Michael J. Ossip, Esq. (w/o encl.)
        Thomas S. Bloom, Esq. (w/o encl.)

Philadelphia  Washington  New York  Los Angeles  San Francisco  Miami  Pittsburgh  Princeton
Chicago  Palo Alto  Dallas  Harrisburg  Irvine  Boston  London  Paris  Brussels  Frankfurt  Tokyo

1-PH/2545010.1

# EXHIBIT H

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

Kendra L. Baisinger
215.963.5624
kbaisinger@morganlewis.com

December 8, 2006

**VIA FEDERAL EXPRESS**

Stephanie Ford
19 Albany Ave.
New Castle, DE 19720

Re:    <u>Ford v. Christiana Care, et al., C.A. Nos. 06-301, 06-458</u>

Dear Ms. Ford:

Enclosed please find a copy of documents bates labeled ALLIED001-ALLIED021 and
LNL001-LNL239, which we received from Allied Security and Lincoln National Life Insurance
Company, respectively, pursuant to third-party subpoenas in the above referenced matter.

Sincerely,

Kendra L. Baisinger

KLB/knl
Enclosures

cc:    Michael J. Ossip, Esq. (w/o encl.)
       Thomas S. Bloom, Esq. (w/o encl.)

Philadelphia  Washington  New York  Los Angeles  San Francisco  Miami  Pittsburgh  Princeton
Chicago  Palo Alto  Dallas  Harrisburg  Irvine  Boston  London  Paris  Brussels  Frankfurt  Tokyo

1-PH/2545919.1

# EXHIBIT I

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
### COUNSELORS AT LAW

**Kendra L. Baisinger**
215.963.5624
kbaisinger@morganlewis.com

December 13, 2006

**VIA FEDERAL EXPRESS**

Stephanie Ford
19 Albany Ave.
New Castle, DE 19720

Re:     <u>Ford v. Christiana Care, et al., C.A. Nos. 06-301, 06-458</u>

Dear Ms. Ford:

     Enclosed please find an additional document bates labeled D0198-D0238, being produced by Defendants in the above referenced matter.

Sincerely,

Kendra L. Baisinger

KLB/knl
Enclosures

cc:     Michael J. Ossip, Esq. (w/o encl.)
       Thomas S. Bloom, Esq. (w/o encl.)