## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

STEPHANIE LYNN FORD,      )
      )
    Plaintiff,     )
      )    Consolidated
  v.     )    Civil Action Nos.
      )    06-301-***, 06-458-***
CHRISTIANA CARE HEALTH     )
SYSTEMS, RICHARD BURTON,    )
and CLARA CLARK,     )
      )
    Defendants.   )

---

### DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION
### FOR SUMMARY JUDGMENT AND IN OPPOSITION TO
### PLAINTIFF'S CASE DISPOSITIVE MOTION

---

David H. Williams (DE 616)
James H. McMackin, III (DE 4284)
MORRIS JAMES LLP
500 Delaware Ave., Suite 1500
P.O. Box 2306
Wilmington, DE 19899
302.888.6900
dwilliams@morrisjames.com
jmcmackin@morrisjames.com

Michael J. Ossip (admitted pro hac vice)
Thomas S. Bloom (admitted pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
215.963.5543

Dated: February 13, 2007    Attorneys for Defendants

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

I.    NATURE AND STAGE OF THE PROCEEDINGS ................................................ 1

II.   SUMMARY OF ARGUMENT .......................................................................... 2

III.  STATEMENT OF UNDISPUTED FACTS ............................................................ 3

IV.   ARGUMENT .................................................................................................. 6

      A.    Standard of Review ............................................................................ 6

      B.    Plaintiff's ADA Claims Fail As A Matter Of Law. ...................................... 8

            1.    Plaintiff's ADA Claims Are Time-Barred ..................................... 8

            2.    Plaintiff Is Not Disabled Within The Meaning Of The ADA .......... 9

            3.    There Is No Evidence Of Disability Discrimination ...................... 10

      C.    Plaintiff's FMLA Claim Fails As A Matter Of Law .................................... 12

      D.    Plaintiff's ERISA Claim Fails As A Matter Of Law .................................... 13

      E.    Plaintiff Has No Claim Of Race Discrimination ....................................... 15

V.    THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR SUMMARY
      JUDGMENT .................................................................................................. 16

VI.   CONCLUSION ............................................................................................... 17

## TABLE OF AUTHORITIES

### CASES

AMTRAK v. Morgan, 536 U.S. 101 (2002)......................................................16

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)......................................7

Barclay v. AMTRAK, 435 F. Supp. 2d 438 (E.D. Pa. 2006) ...........................10

Bruton v. Diamond State Tel. Co., 623 F. Supp. 939 (D. Del. 1985)..................7

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) ............................................6, 7

Churchill v. Star Enters., Inc., 183 F.3d 184 (3d Cir. 1999)............................8

Dewitt v. Penn-Del Directory Corp., 106 F.3d 514 (3d Cir. 1997) ............13, 15

Douris v. Schweiker, 229 F. Supp. 2d 391 (E.D. Pa. 2002) ..............................8

Koslow v. Pennsylvania, 302 F.3d 161 (3d Cir. 2002)......................................8

Lewis v. Delaware Dep't of Pub. Instruction, 948 F. Supp. 352
        (D. Del. 1996) ......................................................................................11

Marinelli v. City of Erie, 216 F.3d 354 (3d Cir. 2000)......................................9

McInerney v. Moyer Lumber & Hardware, Inc., 244 F. Supp. 2d 393
        (E.D. Pa. 2002)......................................................................................8

Mitchell v. Eastman Kodak Co., 113 F.3d 433 (3d Cir. 1997)..........................14

Naghiu v. Inter-Continental Hotels Group, 165 F.R.D. 413 (D. Del. 1996) .......7

Schoch v. First Fid. Bancorporation, 912 F.2d 654 (3d Cir. 1990) ...................7

Stafford v. Noramco of Delaware, Inc., 2000 WL 1868179
        (D. Del. Dec. 15, 2000)........................................................................11

Syed v. Hercules Inc., 214 F.3d 155 (3d Cir. 2000) ........................................14

Tice v. Ctr. Area Transp. Auth., 247 F.3d 506 (3d Cir. 2001) ..........................9

Toy v. Plumbers & Pipefitters Local Union No. 74 Pension Plan,
        439 F. Supp. 2d 337 (D. Del. 2006)......................................................14

Toyota Motor Mfg. v. Williams, 534 U.S. 184 (2002).................................................9, 10

Turner v. Schering-Plough Corp., 901 F.2d 335 (3d Cir. 1990).......................................15

Vlachos v. Vanguard Invs., Inc., 2002 U.S. Dist. LEXIS 16260
    (E.D. Pa. Aug. 19, 2002) .................................................................................. 8-9

Weldon v. Kraft, Inc., 896 F.2d 793 (3d Cir. 1990) ........................................................14

## STATUTES

29 U.S.C. § 1132(a)(1)(B) ....................................................................................... 13-14

29 U.S.C. § 1140 ........................................................................................................2, 14

29 U.S.C. § 2612(a)(1) ...................................................................................................12

29 U.S.C. § 2617(c)(1) ...................................................................................................12

29 U.S.C. § 2617(c)(2) ...................................................................................................12

42 U.S.C. § 2000e5(e)(1) ...............................................................................................16

42 U.S.C. § 12102(2)(A) ..................................................................................................9

## REGULATIONS

29 C.F.R. § 1630.2(g)(1) (2006) ......................................................................................9

29 C.F.R. Part 1630 app. § 1630.2(j) (2006) ....................................................................9

## I.    NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Stephanie Ford commenced this action with a *pro se* Complaint vaguely asserting various employment-related claims against Christiana Care Health Systems ("Christiana Care"), Clare Clark and Richard Burton (collectively, "Defendants").[1] Plaintiff's Complaint relates to the termination of her employment and its effect on her right to receive certain health and pension benefits.  Plaintiff also alleges that she subsequently applied for various positions at Christiana Care for which she was not hired. However, even after having taken Plaintiff's deposition, it is admittedly difficult for Defendants to discern the basis of her belief that Defendants violated any law.

Viewing the Complaint and Plaintiff's testimony liberally and in the light most favorable to her, Plaintiff appears to be asserting the following claims:  (1) that Christiana Care terminated her employment and failed to rehire her in violation of the Americans with Disabilities Act ("ADA"); (2) that the termination of her employment violated the Family and Medical Leave Act ("FMLA"); and (3) that she was deprived of certain benefits in violation of the Employee Retirement Income Security Act ("ERISA").[2]

---

[1]    To be precise, Plaintiff filed two complaints.  However, the two complaints are substantively identical and the Court has consolidated them for all purposes.  (Docket Entry No. 28).  The two complaints are collectively referred to herein as the "Complaint."

[2]    Plaintiff's Complaint also purports to assert claims under the "Fair Employment Practice Law Act" and "Title 18 section 2301 to 2318."  However, there is no "Fair Employment Practice Law Act"; and the cited sections of Title 18 are criminal theft statutes that have no conceivable application to this employment dispute.  The Complaint does not refer to Plaintiff's race or make any allegation of race discrimination; nor did Plaintiff make any allegation of race discrimination in her deposition.  However, Plaintiff recently filed a "Case Dispositive Motion" in which she refers, for the first time ever, to race discrimination and Title VII.  Such a claim is not properly before the Court and, in any event, fails as a matter of law for the reasons set forth in Section IV.E. of this Brief.

1

Discovery has been completed[3] and Defendants have now moved for summary judgment because there are no genuine issues of material fact and Defendants are entitled to judgment as a matter of law.

## II.    SUMMARY OF ARGUMENT

Plaintiff's ADA claim fails for three independent reasons: she never filed an administrative charge of discrimination; she does not have a "disability" within the meaning of the ADA; and there is no evidence that the employment decisions with respect to Plaintiff were motivated by anti-disability bias. Plaintiff's FMLA claim is time-barred and also fails because Christiana Care provided her with 24 consecutive weeks of medical leave, which is twice the amount of leave to which she was entitled under the FMLA. Plaintiff's ERISA claim fails because, among other reasons, the claim is time-barred and because there is no evidence that Plaintiff was denied any benefit she had a right to receive. Indeed, Plaintiff's benefits claim appears to be based on nothing more than the fact that her right to receive certain benefits was affected by the termination of her employment, which does not give rise to any cause of action under ERISA or any other law. To the extent Plaintiff is claiming that the termination of her employment interfered with her benefits in violation of ERISA §510, 29 U.S.C. § 1140, there is no evidence (or even an allegation) that the termination decision was motivated by a specific intent to interfere with her rights under ERISA.

---

[3]    Plaintiff previously filed a motion to compel discovery, which remains pending. (See Docket Entry Nos. 43 and 45.) As more fully set forth in Defendants' response to the motion, Defendants have produced all documents and information reasonably responsive to Plaintiff's discovery requests, and Plaintiff's motion to compel does not identify *any* specific information that she believes should have been produced.

For the reasons set forth below, there is no record evidence to create a triable issue of fact as to any of Plaintiff's claims. The Court should therefore grant summary judgment in favor of Defendants and dismiss Plaintiff's claims with prejudice.

### III.    STATEMENT OF UNDISPUTED FACTS

Plaintiff was previously employed as a clerk in Christiana Care's Radiology Department. On October 28, 2003, Plaintiff took a medical leave of absence to recover from various bruises and strains she suffered as a result of an automobile accident. (Compl. ¶ 5). On November 10, 2003, Plaintiff's physician noted that her physical distress was "mild" and that her symptoms were being treated with Motrin, outpatient physical therapy and stretching exercises. (A-1 – A-2, the Appendix, referred to as "A-__," is being filed with this brief). On November 11, 2003, Plaintiff requested that her leave of absence be designated as FMLA leave, which was approved. (A-3 – A-6). Pursuant to Christiana Care's policy, the FMLA designation was "effective retroactive to the first day [Plaintiff was] absent from work," *i.e.*, October 28, 2003. (A-8).

As was clearly stated in the FMLA form that Plaintiff signed, and consistent with the provisions of the FMLA statute, Plaintiff's job was guaranteed for up to 12 weeks of leave, but not after she exceeded 12 weeks:

> Upon my return I will be restored to my original job or to an equivalent job with equivalent pay, benefits and other employment terms and conditions provided I do not exceed 12 weeks leave in a 12 month period measured backward from the current leave. I will not be entitled to any more rights, benefits, or employment beyond that to which I would have been entitled had I not taken FMLA leave.

(A-6). Christiana Care's written leave of absence policy similarly states:

> Employees who have been granted a leave of absence under the provisions of the FMLA will be guaranteed

3

> their position or an equivalent position provided their
> total leave time does not exceed twelve (12) weeks during
> the last twelve month rolling period, measured backward
> from the current leave.. This is the maximum entitlement
> under the FMLA.

(A-11 – A-12; see also A-13).

After an employee exhausts her 12 weeks of FMLA leave and is no longer

entitled to a job guarantee, Christiana Care's policy is to assist the employee in

identifying and applying for other available positions:

> There is no job guarantee for leaves of absences that
> exceed 12 weeks in rolling twelve-month calendar.  The
> Employment section of the Human Resources department
> will meet with an employee returning from a leave of
> absence greater than twelve weeks, and will provide
> assistance in identifying and interviewing for positions
> that match their skills.  Placement and selection will be
> based on availability of positions and qualifications.

(A-13).  If an employee fails to obtain a new position and return to work within 24 weeks

from the start of her leave of absence, Christiana Care's written leave policy mandates

that such employee be removed from payroll:

> Employees unable to return after 24 weeks leave in a
> rolling 12 month calendar, the maximum allowable time
> for leaves, will be terminated from payroll.  When the
> employee is able to return to work, he/she can re-apply
> through the Employment section of Human Resources.

(A-13).

Christiana Care's decisions regarding Plaintiff were fully compliant with the

foregoing policies, which are more generous than the requirements of the FMLA.  After

Plaintiff had exhausted her first 12 weeks of leave, Employee Relations Assistant

Anthanita Warner informed Plaintiff in a January 26, 2004 letter that her job was no

longer guaranteed and that she "should maintain contact with me on a monthly basis to

determine your ability to work and the availability of positions within Christiana Care."
(A-17). Ms. Warner's letter also reminded Plaintiff that she would be removed from
payroll if her total leave exceeded 24 weeks: "[I]f you are not able to return by April 13,
2004 [24 weeks from October 28, 2003], it will be necessary to remove you from
payroll." (Id.).

On April 13, 2004, Plaintiff presented Christiana Care with physician's note
clearing her to work subject to a lifting restriction; it is undisputed that Plaintiff never
attempted to return to work prior to April 13, 2004. (Ford Dep. 17:3 – 19:4 at A-26 – A-
28). However, Plaintiff's job had previously been filled and she had not yet applied for
or received any other position at Christiana Care. (Id.; see also Compl. ¶ 7).
Accordingly, Plaintiff was removed from payroll effective April 13, 2004, as
memorialized in an April 19, 2004 letter from Ms. Warner. (A-18; see also A-19).
Notably, Ms. Warner's letter also explained the steps Plaintiff should take to preserve her
rights to various healthcare and other benefits. (A-18).

Notwithstanding the fact that Plaintiff had been removed from payroll, Christiana
Care scheduled an appointment for Plaintiff to meet with an internal recruiter (Defendant
Burton) to actively assist her in identifying and applying for a new position at Christiana
Care. (Ford Dep. 17:3 – 19:4 at A-26 – A-28)  As Plaintiff acknowledged in her
deposition, Mr. Burton did not have authority to hire her or give her a job, but he met
with Plaintiff several times and showed her how to search Christiana Care's internal job
listings; Plaintiff received several interviews, but no job offers. (Id. at 33:1–19 at A-30;
44:3–11 at A-33; see also Compl. ¶ 7).

Plaintiff has not conducted *any* discovery regarding the positions for which she applied. Accordingly, there is no record evidence regarding the identities and qualifications of the other applicants, the identities of the various decision makers, or whether the jobs were actually filled. Nor is there any evidence that any decision maker was motivated by unlawful animus. Indeed, to the extent Plaintiff is asserting claims regarding Defendants' failure to re-hire her, Plaintiff repeatedly testified that such claims are based on nothing more than her belief that someone at Christiana Care should have offered her a job:

> Q:    …You also have claims asserted against Richard Burton and Clara Clark. How do you believe that they violated the law?…
>
> A:    Well, I just think I should have – I think they should have given me a job.

(Ford Dep. 43:1–7 at A-32; see also id. at 38:8–9 at A-31; 43:6-7 at A-32; 45:5-7 at A-34).

It is undisputed that Plaintiff never filed an administrative charge of discrimination with the EEOC or the Delaware Department of Labor. (Ford Dep. 7:12–16 at A-25; DDOL Letter at A-20; EEOC Letter at A-21.)

## IV.    ARGUMENT

### A.    Standard Of Review

Federal Rule of Civil Procedure 56 mandates the entry of judgment against a party who fails to offer admissible evidence sufficient to establish the existence of every element essential to that party's case and on which that party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 327 (1986) (noting also that summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an

integral part of the Federal Rules as a whole, which are designed 'to secure the just,
speedy and inexpensive determination of every action.'") (citations omitted).  Although
the defendant bears the initial responsibility of asserting the basis for its motion, the
defendant is not required to negate the plaintiff's claim.  Rather, the defendant must only
point out that there is an absence of evidence to support the plaintiff's case or,
alternatively, offer affirmative evidence which demonstrates that the plaintiff cannot
prove his case.  Naghiu v. Inter-Continental Hotels Group, 165 F.R.D. 413, 418 (D. Del.
1996).

      After the defendant demonstrates a lack of evidence to support the non-moving
party's claims, the plaintiff must present competent evidence designating "specific facts
showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324 (citation
omitted).  Although the court is to view all evidence in a light favorable to the plaintiff,
the mere existence of some alleged factual dispute between the parties will not defeat an
otherwise properly supported motion for summary judgment.  Anderson v. Liberty
Lobby, Inc., 477 U.S. 242, 247-48 (1986).  Rather, a dispute must exist over a material
fact.  Id.  To survive a motion for summary judgment, therefore, the plaintiff must come
forward with specific, admissible and credible evidence supporting each element
essential to her case; mere conclusory allegations or denials are not enough.  Schoch v.
First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990).  Speculation, without proof,
is likewise insufficient.  Bruton v. Diamond State Tel. Co., 623 F. Supp. 939, 943 (D.
Del. 1985).  Applying this standard, the undisputed facts establish that Plaintiff's claims
fail as a matter of law.

**B.    Plaintiff's ADA Claims Fail As A Matter Of Law.**

Plaintiff appears to claim that Christiana Care's termination of her employment and subsequent failure to re-hire her constitutes unlawful discrimination under the ADA. These claims fail as a matter of law for three independent reasons:  (1) Plaintiff's claims are barred because she never filed an administrative charge of discrimination with the EEOC or the Delaware Department of Labor, which is a prerequisite to filing suit under the ADA; (2) Plaintiff cannot show that she has a "disability" within the meaning of the ADA because there is no evidence that she suffers from a medical condition that substantially limits any of her major life activities; and (3) there is no evidence from which a factfinder could reasonably infer that any decisions with respect to Plaintiff were pretextual or otherwise motivated by anti-disability animus.[4]

**1.    Plaintiff's ADA Claims Are Time-Barred.**

A plaintiff cannot assert ADA discrimination claims in federal court unless she first exhausts her administrative remedies by filing a charge of discrimination with the EEOC or an equivalent state agency within 300 days after the challenged employment action occurred and obtains a Right to Sue Letter.  Churchill v. Star Enters., Inc., 183 F.3d 184, 190 (3d Cir. 1999); Vlachos v. Vanguard Invs., Inc., 2002 U.S. Dist. LEXIS 16260, at *4 (E.D. Pa. Aug. 19, 2002)[5] (granting motion to dismiss ADA claims for

---

[4]    To the extent the Complaint purports to assert ADA claims against individual Defendants Burton and Clark (Claim Two and Claim Three), these claims fail for an addition reason: there is no individual liability under the ADA.  Koslow v. Pennsylvania, 302 F.3d 161, 178 (3d Cir. 2002); McInerney v. Moyer Lumber & Hardware, Inc., 244 F. Supp. 2d 393, 398 (E.D. Pa. 2002); Douris v. Schweiker, 229 F. Supp. 2d 391, 397-398 (E.D. Pa. 2002) (the "Courts of Appeals that have directly addressed the issue of individual liability under the ADA have concluded that no such liability exists") (citation omitted).

[5]    All unpublished court opinions are in the Compendium being filed with this brief.

failure to exhaust administrative remedies).  In this case, it is undisputed that Plaintiff

never filed an administrative charge of discrimination.  (Ford Dep. 7:12–16 at A-25;

Letter from DDOL at A-20; EEOC Letter at A-21.)  Notably, Plaintiff cannot cure this

fatal defect in her claims because she does not and cannot allege any unlawful conduct

within the last 300 days.  Plaintiff's ADA claims are therefore barred as a matter of law.

### 2.    Plaintiff Is Not Disabled Within The Meaning Of The ADA.

Plaintiff cannot maintain any claims under the ADA because she is not disabled

within the meaning of the ADA.  Under the ADA, "disability" is defined as "a physical or

mental impairment that substantially limits one or more of the major life activities of such

individual."  42 U.S.C. § 12102(2)(A); 29 C.F.R. § 1630.2(g)(1) (2006).  Plaintiff "bears

the burden of establishing that [she] is disabled within the meaning of the ADA," and

must point to specific evidence in the record that establishes that she is substantially

limited in a major life activity in order to survive a motion for summary judgment.

Marinelli v. City of Erie, 216 F.3d 354, 363 (3d Cir. 2000).  There is no such thing as a

*per se* disability.  See Tice v. Ctr. Area Transp. Auth., 247 F.3d 506, 513 n.5 (3d Cir.

2001) ("it is well-established that a particular diagnosis, no matter how severe (or severe-

sounding to the layperson), standing alone, is not sufficient to establish 'disability'"); 29

C.F.R. Part 1630 app. § 1630.2(j) (2006) (stating "[t]he determination of whether an

individual has a disability is not necessarily based on the name or diagnosis of the

impairment the person has, but rather on the effect of that impairment on the life of the

individual" ).  Rather, courts must determine in a case-by-case manner whether the

plaintiff has presented "evidence that the extent of the limitation [caused by their

impairment] in terms of their own experience . . . is substantial."  Toyota Motor Mfg. v.

Williams, 534 U.S. 184, 198 (2002) (citation omitted).  In order to be substantially limited in a major life activity, an individual must have an impairment that "prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives."  Id.  To be substantially limiting, the impairment also must have a "permanent or long-term impact."  Id. at 196.

In this case, Plaintiff has simply failed to adduce any medical or other competent evidence that she has a disability within the meaning of the ADA.  Plaintiff may have suffered various aches and muscle strains as a result of her October 2003 auto accident, but there is not a shred of evidence that she is or ever has been substantially limited in any of her major life activities, let alone on a permanent or long-term basis.  Indeed, as of November 10, 2003 – just two weeks after Plaintiff's auto accident and five months prior to her termination – Plaintiff's own doctor characterized her injuries as "mild."  (A-1 – A-2).  Accordingly, Plaintiff's ADA claims fail because there is no evidence that she is disabled within the meaning of the ADA.

### 3.    There Is No Evidence of Disability Discrimination.

Assuming arguendo that Plaintiff could make out a *prima facie* case under the ADA (she cannot), the Court should grant summary judgment because there is no record evidence to support an inference of discriminatory animus.

At the summary judgment stage, Plaintiff has the burden of coming forward with admissible evidence that Defendants' decisions were pretextual or otherwise motivated by anti-disability bias.  Barclay v. AMTRAK, 435 F. Supp. 2d 438, 447 (E.D. Pa. 2006) (granting summary judgment on ADA claims and noting that, notwithstanding plaintiff's status as *pro se* litigant, defendant "is entitled to know now, at the summary judgment phase, what evidence [plaintiff] has" to support his claims).  There is no record evidence

10

of discrimination in this case. As set forth more fully above, the unrebutted record evidence shows that Christiana Care removed Plaintiff from payroll pursuant to its written leave policy because, as of April 13, 2004, she had exhausted her 24 weeks of leave and her previous job had been filled. (See Section III, supra). Plaintiff does not allege any discriminatory comments or offer any other evidence to support an inference of pretext or discriminatory animus.

With respect to Plaintiff's claim that Defendants failed to hire her for various positions, Plaintiff has never articulated the basis for this claim, let alone identified evidence that the hiring decisions were pretextual or motivated by anti-disability animus. Even in her deposition, Plaintiff did not attribute Defendants' hiring decisions to any negative opinions or animus regarding her alleged disability. Rather, Plaintiff merely stated that she "think[s] they should have given [her] a job." (Ford Dep. 43:1–7 at A-32). Moreover, the record is devoid of evidence regarding: (1) the identities of the various decision makers; (2) whether any of the positions were actually filled; (3) the identities or qualifications of the other applicants; (4) whether Plaintiff was similarly situated with the other applicants; or (5) whether the successful candidates (if any) were in Plaintiff's protected class. See Stafford v. Noramco of Delaware, Inc., 2000 WL 1868179, at *1 (D. Del. Dec. 15, 2000) (holding that prima facie case of failure to hire requires evidence showing, among other things, that "someone similarly situated from outside the protected class was treated more favorably" than plaintiff in the selection process); Lewis v. Delaware Dep't of Pub. Instruction, 948 F. Supp. 352, 358 (D. Del. 1996). In short, there is simply no record evidence to support the prima facie elements of a failure to hire

11

claim; nor is there any evidence of anti-disability bias by the various (unidentified) decision makers.[6]

For the reasons set forth above, Plaintiff's ADA claims fail as a matter of law and the Court should therefore grant summary judgment.

### C.     Plaintiff's FMLA Claim Fails As A Matter Of Law.

Under the FMLA, eligible employees are entitled to "a total of 12 workweeks of leave during any 12-month period." 29 U.S.C. § 2612(a)(1). It is undisputed that Christiana Care granted Plaintiff's request for leave as of October 28, 2003, and that she remained out on leave for 24 consecutive weeks until April 13, 2004, at which time she was removed from the payroll system pursuant to Christiana Care's written leave policy. (See Section III, supra). Thus, Defendants provided Plaintiff with far more leave than the FMLA required.

In addition, Plaintiff's claim is time-barred under the FMLA's two-year statute of limitations. 29 U.S.C. § 2617(c)(1). Plaintiff filed the instant Complaint on May 8, 2006, more than two years after the termination of her employment on April 13, 2004, and thus outside the limitations period.[7]

---

[6]     The closest Plaintiff has ever come to identifying a decision maker is an allegation in her Complaint that she "was refused [a clerical] position by Defendant Mrs. Clara Clark" and that Ms. Clark "refused me employment." (Compl. ¶¶ 11, 14). However, when Plaintiff was asked about this allegation during her deposition, Plaintiff merely testified that she called Ms. Clark to inquire about a position and that Ms. Clark simply "said to apply for the job." (Ford Dep. at 29:2–6 at A-29; see also id. at 46:11 at A-35 ("she told me to apply for the job")). There is no evidence that Ms. Clark actually played a role in any hiring decision at issue in this case. Moreover, there is no evidence (or even an allegation) that Ms. Clark was biased against Plaintiff because of her alleged disability.

[7]     The FMLA provides a longer statute of limitations for "willful violations," 29 U.S.C. § 2617(c)(2), but there is no evidence that Defendants violated the FMLA, let alone that they did so willfully.

12

In short, the Court should grant summary judgment because Plaintiff's FMLA claim is both time-barred and unsupported by any evidence of an FMLA violation.

### D.     Plaintiff's ERISA Claim Fails As A Matter Of Law.

Although Plaintiff's Complaint refers to ERISA and seeks money damages for various benefits she allegedly lost, Plaintiff's ERISA claim appears to be based on nothing more than the fact that she ceased to receive certain benefits as a consequence of the termination of her employment. That does not give rise to a cause of action under ERISA. Dewitt v. Penn-Del Directory Corp., 106 F.3d 514, 522-23 (3d Cir. 1997) ("This kind of deprivation occurs every time an ERISA employer discharges an employee").

In addition, Plaintiff's allegation that Christiana Care "terminated" her benefits is misleading at best. The undisputed record evidence shows that Plaintiff's pension benefits are vested and she will begin receiving monthly pension payments on March 1, 2027, immediately after she reaches the applicable retirement age of 65. (A-23). With respect to Plaintiff's health, dental, disability and life insurance benefits, her April 19, 2004 termination letter specifically stated:

> Your removal from payroll will have no effect on any benefit
> you may qualify for under the disability plan. Following your
> termination from payroll, you will receive a notice which
> outlines your right to convert life insurance and to continue
> health and dental coverage and the rate you will be required to
> pay to maintain coverage.

(A-18). Plaintiff apparently decided not to continue her life insurance and healthcare benefits, presumably because she quickly obtained another job with full benefits. (Ford Dep. at 49:8 – 50:15 at A-36 – A-37). Nevertheless, to the extent Plaintiff's Complaint might be construed as asserting a denial of benefits claim under ERISA § 502(a)(1)(B),

29 U.S.C. § 1132(a)(1)(B), or a wrongful discharge claim under ERISA § 510, 29 U.S.C. § 1140, there is no evidence to support such claims.

Plaintiff cannot maintain a denial of benefits under ERISA § 502(a)(1)(B) for three independent reasons.  First, such a claim is precluded by the applicable one-year statute of limitations because Plaintiff filed her Complaint in May 2006 – more than two years after the April 2004 date on which she claims to have lost her benefits as a result of the termination of her employment.  Toy v. Plumbers & Pipefitters Local Union No. 74 Pension Plan, 439 F. Supp. 2d 337, 340-341 (D. Del. 2006) (holding that denial of benefits claims under ERISA are subject to Delaware's one-year statute of limitations); Syed v. Hercules Inc., 214 F.3d 155, 158-161 (3d Cir. 2000) (same).  Second, any claim for benefits is precluded because Plaintiff has not alleged or adduced evidence that she exhausted her administrative remedies before filing suit.  Weldon v. Kraft, Inc., 896 F.2d 793, 800 (3d Cir. 1990) ("Except in limited circumstances that are not alleged here, a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan").  Third, there is no evidence that Defendants denied Plaintiff any benefit *that she had a right to receive* under the terms of an ERISA plan.  Moreover, Plaintiff cannot possibly establish a right to relief under the applicable arbitrary and capricious standard of review.  Mitchell v. Eastman Kodak Co., 113 F.3d 433, 439 (3d Cir. 1997) ("Under the arbitrary and capricious standard, the district court may overturn a decision of the Plan administrator only if it is without reason, unsupported by the evidence or erroneous as a matter of law.  This scope of review is narrow, and the court is not free to substitute its own judgment for that of the

[administrator] in determining eligibility for plan benefits.") (alteration in original) (citation and quotation marks omitted).

To the extent the Complaint might be construed as asserting a claim under ERISA § 510 – *i.e.*, that Christiana Care terminated Plaintiff's employment in order to interfere with her right to benefits under ERISA – there is no evidence to support such a claim. To maintain a claim under Section 510, Plaintiff must adduce evidence that Christiana Care terminated her employment with the "specific intent to violate ERISA." Dewitt, 106 F.3d at 522-23 (affirming summary judgment on § 510 claim); Turner v. Schering-Plough Corp., 901 F.2d 335, 347 (3d Cir. 1990) (affirming summary judgment on § 510 claim because there was insufficient evidence that employee's termination was motivated by "a conscious decision to interfere with" ERISA benefits). As the Third Circuit has explained, "[w]here the only evidence that an employer specifically intended to violate ERISA is the employee's lost opportunity to accrue additional benefits, the employee has not put forth evidence sufficient to separate that intent from the myriad of other possible reasons for which an employer might have discharged him." Dewitt, 106 F.3d at 522-23. Plaintiff is obviously displeased that the termination of her employment affected some of her benefits, but she has never alleged, much less offered evidence, that Christiana Care terminated her employment for the specific purpose of interfering with her rights under ERISA.

**E.    Plaintiff Has No Claim Of Race Discrimination.**

Plaintiff's Complaint makes no allegation of race discrimination under Title VII or any other statute. Indeed, the Complaint does not even mention Plaintiff's race. However, after her deposition and the close of discovery, Plaintiff filed a Case

15

Dispositive Motion which states, for the first time ever, that she believes that Defendants discriminated against her based on race in violation of Title VII. (Docket Entry No. 48 at ¶¶ 3-4)

Plaintiff's status as a *pro se* litigant does not relieve her of her duty to provide fair notice of the nature of her claims. Having failed to make any reference to race discrimination until long after the close of discovery, such a claim is not properly before the Court. Even if the Court were inclined to permit Plaintiff to amend her Complaint at this late stage to add a claim of race discrimination (which it should not do), the amendment would be futile. Plaintiff is legally precluded from asserting claims of race discrimination because she never filed an administrative charge with the EEOC or DDOL. 42 U.S.C. § 2000e5(e)(1); AMTRAK v. Morgan, 536 U.S. 101, 104 (2002); (Ford Dep. 7:12–16 at A-25; Letter from DDOL at A-20; EEOC Letter at A-21). In addition, Plaintiff has no evidence that any decisions regarding her employment were motivated by racial animus or were otherwise pretextual.

## V.    THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff has filed a "Case Dispositive Motion" (Docket Entry No. 48), which Defendants construe as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff's motion is nothing more than a regurgitation of the sparse allegations in her Complaint. Plaintiff does not cite *any* evidence in support of her allegations, let alone cite evidence that is sufficient to entitle her to judgment as a matter of law. The Court also should deny Plaintiff's motion because, as shown above, the record evidence establishes that Defendants are entitled to summary judgment as to all of Plaintiff's claims.

## VI.    CONCLUSION

For the reasons set forth above, there are no genuine issues of material fact and

Defendants are entitled to judgment as a matter of law on all of Plaintiff's claims.  The

Court should grant Defendants' motion for summary judgment as to all of Plaintiff's

claims and deny Plaintiff's Case Dispositive Motion.

Respectfully submitted,

David H. Williams (DE 616)
James H. McMackin, III (DE 4284)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19899
302.888.6900/5849
dwilliams@morrisjames.com
jmcmackin@morrisjames.com

Michael J. Ossip (admitted pro hac vice)
Thomas S. Bloom (admitted pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
215.963.5543

Dated:  February 13, 2007                    Attorneys for Defendants

17

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

STEPHANIE LYNN FORD,                    :
                                        :
            Plaintiff,            :
                                        :
                                        :       CONSOLIDATED
        v.                          :       C.A. No. 06-301-***
                                        :       C.A. No. 06-458-***
CHRISTIANA CARE HEALTH SYSTEMS, INC., :
RICHARD BURTON, and CLARA CLARK,        :
                                        :
            Defendants.           :

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on February 13, 2007, I electronically filed the attached **DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S CASE DISPOSITIVE MOTION** with the Clerk of Court using CM/ECF, and that I have mailed by United States Postal Service the document to the following non-registered participant:

           Stephanie Lynn Ford
           19 Albany Avenue
           New Castle, DE  19720

           David H. Williams (#616)
           dwilliams@morrisjames.com
           James H. McMackin, III (#4284)
           jmcmackin@morrisjames.com
           MORRIS JAMES LLP
           500 Delaware Avenue, Suite 1500
           P.O. Box 2306
           Wilmington, DE 19899
           (302) 888-6900/5849

Michael J. Ossip (admitted *pro hac vice*)
Thomas S. Bloom (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
(215) 963-5761/5543

Dated:  February 13, 2007          Attorneys for Defendants