IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHANIE LYNN FORD,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIANA CARE HEALTH SYSTEMS, RICHARD BURTON, and CLARA CLARK,<br><br>Defendants. | )<br>)<br>)<br>)<br>)  Consolidated<br>)  Civil Action Nos.<br>)  06-301-***, 06-458-***<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPENDIUM OF UNPUBLISHED OPINIONS CITED IN DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S CASE DISPOSITIVE MOTION**

David H. Williams (DE 616)
James H. McMackin, III (DE 4284)
MORRIS JAMES LLP
500 Delaware Ave., Suite 1500
P.O. Box 2306
Wilmington, DE 19899
302.888.6900
dwilliams@morrisjames.com
jmcmackin@morrisjames.com

Michael J. Ossip (admitted pro hac vice)
Thomas S. Bloom (admitted pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
215.963.5543

Dated: February 13, 2007     Attorneys for Defendants

## TABLE OF CONTENTS

| TAB NO. | DESCRIPTION |
|---|---|
| A | Stafford v. Noramco of Delaware, Inc., 2000 WL 1868179, at *1 (D. Del. Dec. 15, 2000) |
| B | Vlachos v. Vanguard Invs., Inc., 2002 U.S. Dist. LEXIS 16260, at *4 (E.D. Pa. Aug. 19, 2002) |

# EXHIBIT A

Westlaw.

Not Reported in F.Supp.2d
Page 1
Not Reported in F.Supp.2d, 2000 WL 1868179 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

H
Stafford v. Noramco of Delaware, Inc.D.Del.,2000.Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Steven C. STAFFORD, Plaintiff,
v.
NORAMCO OF DELAWARE, INC., Defendant.
No. CIV. 97-376 GMS.

Dec. 15, 2000.

MEMORANDUM AND ORDER

I. INTRODUCTION

*1 The plaintiff, Steven C. Stafford ("Stafford"), acting pro se, filed a complaint against the defendant, Noramco of Delaware ("Noramco") on May 9, 1997 (D.I.2). In his complaint, Stafford, who is African American and was at the time 46 years of age, alleges that Noramco based its decision not to hire him on his race and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA").[FN1] After initially denying Stafford's motions to compel discovery, the court ordered Noramco to produce limited discovery to assist Stafford in responding to Noramco's then pending motion for summary judgment (D.I.62).[FN2] Noramco filed a "Renewed Motion for Summary Judgment" on March 15, 2000 (D.I.67). Since Stafford has failed to establish a prima facie case of race or age discrimination, and because he has not offered any evidence to demonstrate the existence of a genuine issue of material fact, the court will grant Noramco's motion and enter judgment accordingly.

FN1. Stafford also claimed violations of the Americans with Disabilities Act (ADA). However, the court granted Noramco's motion to dismiss the ADA claim on March 26, 1998 (D.I.14).

FN2. In its order partially granting Stafford's motions to compel, the court dismissed Noramco's motion for summary judgment without prejudice and gave the parties until March 15, 2000 to file dispositive motions in light of the court ordered discovery.

II. STANDARD OF REVIEW

*1 A court must grant summary judgment when there are no genuine issues of material fact and the party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once a party moves for summary judgment and claims the absence of evidentiary support for the case, the burden is on the nonmovant to proffer at least a scintilla of evidence to raise a genuine issue of material fact. See Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co., 998 F.2d 947, 951 (3d Cir.1993) (internal quotations omitted).

*1 In Title VII and ADEA cases, a defendant is entitled to summary judgment if it can demonstrate that the plaintiff cannot carry its burden of proof under the burden shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).[FN3] The defendant must prevail on summary judgment if: (1) it can show that the plaintiff is unable to establish a prima facie case of discrimination [FN4] or (2) the plaintiff has established a prima facie case but defendant can show that the plaintiff cannot produce sufficient evidence to rebut an assertion of a non-pretextual reason for the discharge or refusal to hire. See Janil v. Avdel Corp., 873 F.2d 701, 706-07 (3d Cir.1989).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                           Page 2
Not Reported in F.Supp.2d, 2000 WL 1868179 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

FN3. The analysis in which the court must engage is identical for Title VII and ADEA cases. *See, e.g., Stanziale v. Jargowski,* 200 F.3d 101, 108 (3d Cir.2000) (stating that "[t]he parties' burdens in establishing and defending claims under the ADEA and Title VII are determined by the procedure set forth in *McDonnell Douglas* ...."). A plaintiff has the initial burden of proving by a preponderance of the evidence a prima facie case of discrimination. The burden then shifts to the defendant to rebut the charge of discrimination by articulating a legitimate, non-discriminatory reason for its actions. Since the burden of persuasion ultimately rests with the plaintiff, the plaintiff must prove by a preponderance of the evidence that the reasons offered by the defendant are pretextual and that the defendant intentionally discriminated against the plaintiff. *See, e.g., McDonnell Douglas,* 411 U.S. at 802-03; *Jackson v. University of Pittsburgh,* 826 F.2d 230, 232 (3d Cir.1987).

FN4. The elements of a prima facie case of race and age discrimination in a failure to hire case are that (1) the plaintiff belongs to a protected class, (2) the plaintiff applied for and was qualified for the position, (3) the plaintiff was rejected and (4) someone similarly situated from outside the protected class was treated more favorably. *See, e.g., Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 252-53 (1981). The only difference between a Title VII and an ADEA claim is what constitutes a protected class. Claimants under Title VII must show they are members of a protected racial or gender classification while a claimants under the ADEA must show they are over 40 years of age. *Compare id.* (Title VII case) with *Sempier v. Johnson & Higgins,* 45 F.3d 724, 728 (3d Cir.1995) (ADEA case).

*1 Noramco contends that Stafford has failed to meet the first prong of the *McDonnell-Douglas* test-he has not established a prima facie case of age or race discrimination. Noramco argues (1) that Stafford has not demonstrated that he is qualified for the position and (2) that he cannot show he was replaced by a person sufficiently younger to raise an inference of age discrimination. Further, Noramco argues that even if Stafford were to overcome the first prong, he has not proffered any evidence to satisfy the third prong of the *McDonnell-Douglas* test-that Noramco's articulated legitimate, nondiscriminatory reasons for its actions were pretextual. With the aforementioned standards in mind, the court turns to the facts of the case as they appear in the record before it.[FN5]

FN5. The record thus far in the case relevant to the instant motion is an affidavit from Claudia S. Cobble, Manager, Human Resources for Noramco (D.I.49), supplemental answers to interrogatories (D.I.37), initial discovery pursuant to Fed.R.Civ.P. 26(a) (D.I.20), and Noramco's responses to the court's request for information dated February 10, 2000 (D.I.65). The other affidavits, from Jennifer Gimler Brady, Esq. and from Stafford relate to discovery disputes that were resolved by the court in its January 11th order.

### III. FACTUAL BACKGROUND

*2 Noramco, a manufacturer of pharmaceutical products, advertised in the November 27, 1997 edition of the News Journal for a Laboratory Technician for its Wilmington facility.[FN6] Stafford submitted a cover letter and resume to Ms. Cobble. Stafford's resume states he worked in the field for approximately 16 years at both Air Products and Chemicals, Inc. in Linwood, Pennsylvania and at E.I. duPont Company in Wilmington, Delaware. He also graduated with a B.S. in biology and chemistry from North Carolina A & T State University.

FN6. Noramco is a division of Ortho-McNeil Pharmaceuticals, Inc., a

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                          Page 3
Not Reported in F.Supp.2d, 2000 WL 1868179 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

wholly owned subsidiary of Johnson & Johnson.

*2 Stafford was invited to Noramco in December, 1997, and was interviewed by Ms. Cobble, William Rogers, Acting Quality Assurance/Quality Control Manager, and Melodye Marks, West Plant Lead Chemist. After the interview was completed, the three interviewers conferred and decided not to further pursue Stafford's candidacy. They felt he did not meet the job requirements since they thought he could not (1) work without direct supervision, (2) keep accurate records, or (3) operate and maintain all laboratory equipment.[FN7] Ms. Cobble sent Stafford a letter on December 20, 1994 stating "[a]fter assessing the qualifications represented by each of the candidates, we are pursuing individuals whose skills are more closely aligned with the demands of the position."

> FN7. Attached to Ms. Cobble's affidavit is a description of the position for which Stafford applied. The description states, in part, that the critical duties of the position are to "[w]ork[ ] normally without direct supervision ... [k]eep accurate, legible records of all work performed, [m]aintain[ ] laboratory inventory ... [o]perate[ ] all laboratory equipment apparatus ... [p]erform[ ] maintance on user-severicable elements of laboratory equipment and instrumentation ... [and m]aintain[ ] a clear and safe analytical chemistry laboratory ...."

*2 Noramco eventually hired John Daniels for the position of Laboratory Technician.[FN8] Mr. Daniels was a 48 year old Caucasian male at the time he received the offer of employment. Prior to the offer of employment, Mr. Daniels worked as an analytical technician at the Scott Paper Company for at least 26 years. Finally, Mr. Daniels has an Associates Degree in Chemical Engineering from Temple University.

> FN8. Prior to extending an offer to Mr. Daniels, Noramco offered the position to two other individuals who both appear to have been over 40 years of age at the time and possessed significant laboratory experience.

IV. DISCUSSION

*2 Rather than contest the facts presented by Noramco, Stafford's answering brief asserts that discovery is not complete since "NORAMCO is with-holding (sic) evidence." This argument is identical-in language as well as substance-to Stafford's answering brief filed in opposition to Noramco's first motion for summary judgment (D.I.55). Indeed, Stafford again cites Fed.R.Civ.P. 56(f) and demands that he be allowed to "complete" discovery. The court has given Stafford more than ample time to prosecute his case and to gather discovery to respond to Noramco's present motion for summary judgment.[FN9] At this point in the litigation, the court is convinced that Stafford's failure to raise a genuine issue of material fact has more to do with the merits of his claims than with the pace and scope of the proceedings to date.[FN10] Therefore, the court will not grant Stafford's request for a second extension of time for discovery pursuant to Fed.R.Civ.P. 56(f).

> FN9. As mentioned above, the court dismissed an earlier summary judgment motion by Noramco, ordered Noramco to respond to several discovery requests, and extended the time for discovery past the original deadline.

> FN10. As Noramco correctly points out, Stafford has not pointed to any specific facts or issues that additional discovery would produce, why the information sought is relevant, and what additional steps he has taken to obtain the information. Ironically, the record indicates that the discovery Stafford sought prior to the court's January 11th order further strengthened Noramco's case rather than providing him with facts to oppose a second motion for summary judgment. Stafford's cries of foul play and pleadings

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                       Page 4
Not Reported in F.Supp.2d, 2000 WL 1868179 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

for additional time, by themselves, are not enough to grant the opportunity for additional discovery. *See Metsopulos v. Runyon,* 918 F.Supp. 851, 864 (D.N.J.1996) (stating that nonmovant cannot defeat summary judgment by " attach[ing] to his brief a hodge-podge of statements, mostly unsworn" and requesting discovery after discovery had closed).

*2 Turning to whether Stafford has met his prima facie burden on the issue of race discrimination, the court finds that he has not satisfied the initial *McDonnell-Douglas* requirements. Although Stafford has shown he is a member of a protected class and that he was denied the position in favor of someone who is not a member of a protected class, he has not demonstrated, by a preponderance of the evidence, that he was more qualified or that Mr. Daniels was treated more favorably. Stafford's brief recites nothing more than his opinion regarding the qualifications of the two men based solely on Mr. Daniel's educational and publishing background.[FN11] Based on these differences and the fact that he was not offered employment, Stafford relies on the flawed syllogism that Noramco must have discriminated against him on the basis of race. Indeed, Stafford admitted as much to the court at a January 10, 2000 status conference.

FN11. Stafford's brief relies heavily on the fact that he received a "4-year B.S. Degree " but that Mr. Daniels received a "2-year B.A. Degree" and that Mr. Daniel's resume does not indicate whether he has published any articles in scientific journals.

*3 What Stafford overlooks is that the qualifications for the position at issue extended beyond mere academic fitness. The position description specifically mentions the qualities which Noramco found lacking in Stafford. Ms. Cobble's uncontradicted affidavit recites Noramco's belief that Stafford could not work without supervision, keep accurate records, or adequately maintain laboratory equipment.[FN12] Since these qualifications were explicit and appear to have been just as important as educational background to Noramco's hiring decision, the differences Stafford raises are insufficient to create a prima facie case of race discrimination.[FN13]

FN12. Stafford has not produced a scintilla of evidence to suggest that he was more qualified than Mr. Daniels in any area other than academic qualifications.

FN13. In its brief, Noramco cites a determination by a Social Security Administrative Law Judge that Stafford is disabled because of a "severe personality disorder" and that he is "suspicious, hostile, and continually feels victimized." While this finding, in and of itself, does not suggest Stafford is unqualified for the position, it suggests why, despite overwhelming evidence, he continues to believe Noramco discriminated against him.

*3 Even if Stafford were to overcome the aforementioned fatal deficiencies in his Title VII claim, the record demonstrates that he cannot meet his ultimate burden under *McDonnell Douglas.* Since Noramco has articulated non-discriminatory reasons for its actions-Stafford did not possess the necessary qualifications-the burden shifts back to Stafford to demonstrate that Noramco's justification of its actions is pretextual. To meet this burden, Stafford must submit evidence to demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in [Noramco's] proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Fuentes v. Perskie,* 32 F.3d 759, 764 (3d Cir.1995) (quoting *Josey v. John R. Hollingsworth Corp.,* 996 F.2d 632, 638 (3d Cir.1993) (internal quotations and citations omitted)). Stafford has not proffered any evidence-other than his own suspicions-which would lead the court to believe Noramco's reasons were pretextual. This utter lack of factual evidence further requires the court to enter summary judgment in favor of Noramco on the Title VII claim.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                Page 5
Not Reported in F.Supp.2d, 2000 WL 1868179 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

*3 Stafford's claim of discrimination under the ADEA fails as well. Although Stafford was 46 at the time of the events, the record demonstrates that Mr. Daniels was 48 at the relevant time-two years *older* than Stafford. As a matter of law and fact, Stafford cannot show that Noramco discriminated against him under the AEDA since Mr. Daniels is not "sufficiently younger" than Stafford to permit an inference of discrimination.[FN14]

> FN14. In establishing a prima facie case of discrimination under the AEDA, a plaintiff must show that the person ulitmately hired was "sufficiently younger". *See Sempier*, 45 F.3d at 728. The courts have found that the hired person must be at least eight years younger than the plaintiff. *See Narin v. Lower Merion Sch. Dist.*, 206 F.3d 323, 333 (3d Cir.2000) (finding that plaintiff failed to establish prima facie case under ADEA where plaintiff was six years older than person hired); *Barber v. CSX Distrib. Serv.*, 68 F.3d 694, 698 (agreeing with district court that plaintiff established prima facie case of age discrimination where plaintiff was eight years older than person hired).

### V. CONCLUSION

*3 In recognition of Stafford's pro se status, the court has gone out of its way to ensure that he has had sufficient time for discovery, and has repeatedly given him the benefit of the doubt as to whether he could pursue his claims. However, it is time for this case to end. A review of the record demonstrates, beyond any peradventure of a doubt, that Stafford has failed raise any genuine issues of material fact and has not met either his initial or his ultimate burdens under the framework established for adjudicating claims under Title VII and the ADEA.

*3 For the reasons mentioned above, it is HEREBY ORDERED THAT:
*3 1. Stafford's request for an Extension of Time is DENIED pursuant to Fed.R.Civ.P. 56(f).[FN15]

> FN15. Although Stafford did not make a formal motion under Fed.R.Civ.P. 56(f), the court construes his request as such.

*4 2. Noramco's Renewed Motion for Summary Judgment (D.I.67) is GRANTED.
*4 3. Summary Judgment be and is entered against STAFFORD on all claims.

D.Del.,2000.
Stafford v. Noramco of Delaware, Inc.
Not Reported in F.Supp.2d, 2000 WL 1868179 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT B

LEXSEE 2002 U.S. DIST. LEXIS 16260

HAIYEN VLACHOS VS. VANGUARD INVESTMENTS, INC. a/d/b/a THE VANGUARD GROUP

CIV. NO. 02-1247

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

2002 U.S. Dist. LEXIS 16260

**August 19, 2002, Decided**
**August 19, 2002, Filed; August 20, 2002, Entered**

**DISPOSITION:** [*1] Motion for partial dismissal of complaint GRANTED.

**COUNSEL:** For HAIYEN VLACHOS, PLAINTIFF: GARRETT D. PAGE, RICHARD W. ROGERS & ASSOC., NORRISTOWN, PA USA.

For VANGUARD INVESTMENTS, INC., DEFENDANT: JOSEPH J. COSTELLO, JILL S. WELCH, MORGAN, LEWIS & BOCKIUS LLP, PHILADELPHIA, PA USA.

**JUDGES:** CHARLES R. WEINER, J.

**OPINION BY:** CHARLES R. WEINER

**OPINION:**

MEMORANDUM OPINION AND ORDER

WEINER, J.

AUGUST 19, 2002

The plaintiff brought this action against the defendant alleging violations of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) ("Title VII")(Count One), the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981 ") (Count Two) and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA") (Count Three). Presently before the court is the motion of the defendant for partial dismissal of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons which follow, the motion is granted.

For purposes of deciding the 12(b)(6) motion, we accept the allegations in the complaint as true. Plaintiff, a female of Chinese [*2] origin, was hired by the defendant on March 11, 1996 as a Grade Level B Processor for the Individual Transaction Processing Department. Complaint at paragraph 8. Plaintiff alleges that defendant failed to promote plaintiff ten times between 1998 and 2000 despite her "good yearly appraisals between 1996 and 2000." Complaint at paragraph 15. Plaintiff also alleges that defendant failed to promote her to the position of "Service Associate" in late September of 2000, despite her qualifications. Complaint at paragraphs 10-12. The position was granted to an African-American. Complaint at paragraph 14.

"Between February 26, 2001 until April 4, 2001, Plaintiff was relieved of her duties and went out on short-term medical disability due to stress created by the hostile employment environment that prevailed, evidenced by her numerous attempts to procure promotions, and inability despite requests to receive proper training." Complaint at paragraph 17. Plaintiff alleges that when she returned from medical leave she received a "written alert for performance" identifying certain deficiencies including "time management and time frame related issues." Complaint at paragraph 18.

Plaintiff alleges [*3] she was terminated on July 2, 2001 "in retaliation for her exercising her First Amendment right of free speech, and Fourteenth Amendment" with respect to terms and conditions of

employment, in violation of Title VII. Complaint at paragraphs 2 and 20. Plaintiff alleges that she timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 26, 2001. Complaint at paragraph 19. However, the record reveals that plaintiff filed only a Charge Questionnaire with the EEOC on June 26, 2001. n1 See Exhibit A to Plaintiff's Answer to Motion to Dismiss. Plaintiff did not file a formal charge with the EEOC until August 17, 2001. See Exhibit C to Plaintiff's Answer to Motion to Dismiss. Plaintiff received a Notice of Right to Sue from the EEOC on December 12, 2001 and filed this action within 90 days of the receipt of the Right to Sue Letter. Complaint at paragraphs 22(c) and (d).

> n1 Because we find that the Charge Form and the Charge Questionnaire plaintiff filed with the EEOC are "undisputedly authentic documents" of which plaintiff obviously had notice, we need not convert defendant's Rule 12(b)(6) motion into a motion for summary judgment under Rule 56.In re: Rockefeller Ctr.Props.Inc.Secs.Lit., 184 F.3d 280, 287 (3d Cir. 1999); Davies v. Polyscience Inc., 126 F. Supp. 2d 391, 393 n.3 (E.D.Pa. 2001) (-EEOC Right to Sue letter meets the definition of "an undisputedly authentic document" on which the plaintiff's claims are based).

[*4]

Defendant first seeks to dismiss plaintiff's ADA claim and the portion of the Title VII claim alleging retaliation because plaintiff failed to exhaust her administrative remedies with respect to these claims.

There is no dispute that plaintiff failed to explicitly assert claims under the ADA and for retaliation in her charge filed with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission. Therefore, plaintiff can only present these two claims in this court if the acts alleged in this suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom. Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996), citing Waiters v. Parsons, 729 F.2d 233, 237 (3rd Cir. 1984)(per curiam).

In the EEOC Charge Form, plaintiff did not check either the retaliation box or the disability box. Rather, plaintiff checked only the box marked national origin.

Plaintiff also did not describe any claims for retaliation and disability in the Statement of Particulars on the Charge Form. Rather, plaintiff states that, "I believe that I have been discriminated against by being denied a promotion, training [*5] and subsequently discharged because of my national origin (Chinese) in violation of Title VII of the Civil Rights Act of 1964, as amended." See Exhibit C to Plaintiff's Answer to Defendant's Motion to Dismiss. Plaintiff was even more vague in the Charge Questionnaire, simply stating "I was denied 13 times for job transfer. I was emotional [sic] disturbed. I was depressed, under stress." See Exhibit A to Plaintiff's Answer to Defendant's Motion to Dismiss. Neither plaintiff's ADA claim nor retaliation claim were ever raised before, or investigated by, the EEOC. Nor is there any information in the Charge Form or Charge Questionnaire which would have caused the EEOC to conduct such an investigation. Therefore, plaintiff's claims under the ADA and for retaliation do not fall within the scope of her prior EEOC complaint or that agency's investigation. Accordingly, plaintiff is barred from asserting a retaliation claim and a claim under the ADA in this action. To find otherwise would frustrate Title VII's preference for investigation and conciliation by the EEOC over formal adjudication, as well as deprive the charged party of notice of the allegations raised against it. Antol at 1295. [*6]

Defendant next argues that plaintiff's allegations of failure to promote contained in paragraphs 10 through 12 and paragraph 15 of the Complaint are time-barred by Title VII's 300-day limitations period.

Indeed, under Title VII, the ordinary time for filing a charge of discrimination with the EEOC is at the latest 300 days after the alleged discrimination when the charge is filed first, as here, with the appropriate Pennsylvania state agency. 42 U.S.C. § 2000e-5(e)(1). Plaintiff argues that the Charge Questionnaire she filed on June 26, 2001 constitutes her charge of discrimination for purposes of 42 U.S.C. § 2000e-5(e)(1). Defendant argues that the Charge Form plaintiff filed on August 17, 2001 constitutes the actual charge of discrimination for purposes of the statute. Accordingly, under plaintiff's view, any allegedly discriminatory acts must have occurred on or after August 31, 2000 to be considered timely, while under defendant's view, any allegedly discriminatory acts must have occurred on or after October 21, 2000 to be timely.

We need not decide at this time which view is correct. Among plaintiff's Title VII allegations [*7] are that "prior to the aforesaid internal job posting application in September of 2000, Plaintiff had applied 10 times between 1998 and 2000, and on each occasion was declined for any promotion...." Complaint at paragraph 15. Thus, any denials of promotion which occurred in 1998 and 1999 and up to August 31, 2000 would be automatically barred no matter which document is found to constitute the charge of discrimination since such actions would have occurred over 300 days prior to the filing of said charge. The parties can conduct discovery to determine if any denials of promotion occurred between August 31, 2000 and October 21, 2000. If any denials of promotion occurred during this limited time frame, we will reconsider whether the Charge Questionnaire or the Charge Form itself constitutes a charge of discrimination for purposes of 42 U.S.C. § 2000(e)-5(e)(1).

We also find that plaintiff's claim in paragraphs 10-12 of the Complaint that she was denied a promotion to "Service Associate" did not accrue until the date on which plaintiff learned an African-American was selected for the position, not the date she applied for the position or the date she learned the [*8] position was on hold. The Complaint is silent as to when plaintiff learned that the position was filled by an African-American. As noted above, if plaintiff learned prior to October 21, 2000 of this alleged denial of promotion, the claim may be time-barred (assuming we find that the filing of the Charge Form itself constitutes the charge of discrimination for purposes of 42 U.S.C. § 2000(e)-5(e)(1)).

Plaintiff argues that these claims are nevertheless saved by the continuing violation theory. n2 That argument must fail. The Supreme Court just recently held that the continuing violation theory is not applicable to discrete acts of alleged discrimination, "such as termination, failure to promote, denial of transfer, or refusal to hire"since each such act constitutes a separate unlawful employment practice. Morgan v. National Railroad Passenger Corp., 2002 WL 1270268 (June 10, 2002). See also Rush v. Scott Specialty Gases, Inc., 113 F.3d 476, 483, 484 (3d Cir. 1997).

n2 The continuing violation theory allows a "plaintiff [to] pursue a Title VII claim for discriminatory conduct that began prior to the filing period if he can demonstrate that the act is part of an ongoing practice or pattern of discrimination of the defendant". West v. Philadelphia Elec.Co, 45 F.3d 744, 754 (3d Cir. 1995).

[*9]

The Court also finds that plaintiff's Section 1981 claim is partially time-barred. Under Pennsylvania law, a plaintiff must file her Section 1981 claim within two years of the allegedly discriminatory conduct of defendant. See Goodman v. Lukens Steel Co., 482 U.S. 656, 662, 96 L. Ed. 2d 572, 107 S. Ct. 2617 (1987). Because plaintiff filed her Complaint on March 11, 2002, any alleged act of discrimination that occurred before March 11, 2000 cannot form the basis of a timely claim under Section 1981. Accordingly, all allegations of a violation of 42 U.S.C. § 1981 which occurred prior to March 11, 2000 will be stricken.

In her response to the defendant's motion to dismiss, plaintiff concedes that the Complaint fails to state a claim of civil conspiracy under 42 U.S.C. §§ 1986 and 1986. Accordingly, we will dismiss these claims as well.

ORDER

The motion of the defendant for partial dismissal of plaintiff's Complaint (Doc # 3) is GRANTED as follows:

1. Count III of the Complaint alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. is DISMISSED.

2. Plaintiff's claim of retaliation in [*10] Paragraph 2 and Paragraph 20 of the Complaint alleging a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e is DISMISSED.

3. Plaintiff's claims in Paragraph 1 of the Complaint alleging violations of 42 U.S.C. §§ 1985 and 1986 are DISMISSED.

4. All allegations of a violation of 42 U.S.C. § 1981 which occurred prior to March 11, 2000 are STRICKEN.

5. All allegations of a violation of Title VII which occurred prior to August 31, 2000 are STRICKEN; and

6. The parties may conduct discovery to learn if any alleged violations occurred between August 31, 2000 and

2002 U.S. Dist. LEXIS 16260, *10

Page 4

October 21, 2000.                                CHARLES R. WEINER

IT IS SO ORDERED.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHANIE LYNN FORD, : | |
| : | |
| Plaintiff, : | |
| : | CONSOLIDATED |
| v. : | C.A. No. 06-301-*** |
| : | C.A. No. 06-458-*** |
| CHRISTIANA CARE HEALTH SYSTEMS, INC., : | |
| RICHARD BURTON, and CLARA CLARK, : | |
| : | |
| Defendants. : | |

**CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that on February 13, 2007, I electronically filed the attached **COMPENDIUM OF UNPUBLISHED OPINIONS CITED IN DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S CASE DISPOSITIVE MOTION** with the Clerk of Court using CM/ECF, and that I have mailed by United States Postal Service the document to the following non-registered participant:

Stephanie Lynn Ford
19 Albany Avenue
New Castle, DE 19720

_____
David H. Williams (#616)
dwilliams@morrisjames.com
James H. McMackin, III (#4284)
jmcmackin@morrisjames.com
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900/5849

          Michael J. Ossip (admitted *pro hac vice*)
          Thomas S. Bloom (admitted *pro hac vice*)
          MORGAN, LEWIS & BOCKIUS LLP
          1701 Market Street
          Philadelphia, PA  19103
          (215) 963-5761/5543

Dated:  February 13, 2007    Attorneys for Defendants