IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHANIE LYNN FORD,        : | |
| Plaintiff,        : | |
| v.        : | Civil Action No. 06-301-*** |
| CHRISTIANA CARE HEALTH SYSTEMS,        : | |
| RICHARD BURTON, and CLARA CLARK,        : | |
| Defendants.        : | |

**MEMORANDUM ORDER**

At Wilmington, this **16th** day of **July, 2007.**

The plaintiff, Stephanie Lynn Ford, ("Ford") is a *pro se* litigant who has filed a motion for appointment of counsel (Docket Item ["D.I."] 34; the motion). Ford has previously filed similar motions in a companion matter, *Ford v. Unum Life Insurance Company of America*, 05-118-MPT, which were denied without prejudice. D.I. 29, 53. For the reasons similar to those set forth in the orders of the companion matter, Ford's motion is denied.

Plaintiffs do not have an automatic constitutional or statutory right to representation in a civil case. *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *Parham v. Johnson*, 126 F.3d 454, 456-7 (3d. Cir. 1997). The non-exhaustive list of factors to consider are: (1) the plaintiff's inability to present her own case; (2) the complexity of the legal issues; (3) the extensiveness of the factual investigation necessary to effectively litigate the case and plaintiff's ability to pursue an investigation; (4) the degree to which the case may turn on the credibility determinations; (5) whether the

testimony of expert witnesses will be necessary; and, (6) whether the plaintiff can attain and afford counsel on her own behalf.  *Tabron*, 6 F.3d at 156-57; *Parham*, 126 F.3d at 457-58.

At present, there are no circumstances that make it appropriate to appoint counsel for Ford.  This court has had a number of teleconferences with Ford and she has been quite capable of advising what she wants for relief and generally why her claims warrant relief.  She has filed understandable discovery which is, for the most part, relevant the issues.  Neither the factual allegations nor legal issues in this dispute regarding employment benefits are of sufficient complexity to require appointment of counsel.  Further, Ford appears to be able to handle the necessary investigation.

Therefore, IT IS ORDERED that Ford's motion to appoint counsel (D.I. 34) is DENIED.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE