IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHANIE LYNN FORD, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> CHRISTIANA CARE HEALTH SYSTEMS, : <br> RICHARD BURTON, and CLARA CLARK, : <br> : <br> Defendants. : | Civil Action No. 06-301-MPT <br> (Consolidated) |

## MEMORANDUM ORDER

At Wilmington, this **5th** day of **May, 2008**.

Plaintiff has moved to have her matters involving the above-captioned defendants reassigned to the Honorable Joseph J. Farnan. *See* D.I. 78. In her motion, plaintiff claims that she was wrongfully terminated from Christiana Health Care Systems, and further that defendants wrongfully refused to rehire her, terminated her pension and retirement benefits, terminated her life insurance policy and medical benefits and terminated and denied her long term disability benefits. Defendants oppose plaintiff's motion. *See* D.I. 79.

Plaintiff has brought three actions against defendants, with the initial action filed on May 8, 2006 (C.A. No. 06-301-MPT). The second action was filed on July 28, 2006, which alleges essentially the same claims. *See* C.A. No. 06-458-MPT. A third action, C.A. No. 07-529, was filed on September 4, 2007, which appears to allege the same or

similar claims against defendants.[1]  On October 3, 2006, the Honorable Kent A. Jordan entered an Order consolidating C.A. No. 06-301 and C.A. No. 06-458 making C.A. No. 06-301 the lead action. *See* D.I. 28.  As a result of Judge Jordan's elevation to the Third Circuit, on December 15, 2006, all of his District Court cases were referred to Magistrate Judge Thynge for handling.  On March 19, 2007, the parties stipulated to Judge Thynge's jurisdiction to conduct all proceedings.  *See* D.I. 64.

Thereafter, on February 8, 2008, defendants moved to consolidate C.A. No. 07-529 with the previously consolidated cases.  In the same motion, they requested that the matter, like the other two cases, be assigned to Judge Thynge.  *See* D.I. 4 of C.A. No. 07-529.  Plaintiff filed no opposition.  On March 18, 2008, Judge Farnan, the judge to whom the 2007 matter had been assigned, granted defendants' motion by consolidating C.A. No. 07-529 with the other matters and assigning it to Judge Thynge. Because of the previous consolidation, C.A. No. 06-301 became the lead case.  Also, because of the previous consent to jurisdiction, C.A. No. 07-529 was assigned to Judge Thynge.

In the motion under consideration, plaintiff requests that consolidation of only C.A. No. 06-301 and 06-458 be reversed and that Judge Thynge be removed from those two cases, with those cases being assigned to Judge Farnan as apparently two separate actions.  It appears that the ruling by Judge Jordan who originally granted consolidation is what plaintiff is seeking to reverse.  Absent the fact that plaintiff's request for the undo comes more than a year and a half after it was originally entered

---

[1] A motion to dismiss based on the 2007 action as being duplicitous is presently under consideration.  *See* D.I. 9.

and is time-barred, Rule 42(a) of the Federal Rules of Civil Procedure grants broad discretion in the court to consolidate matters which involve common questions of law or fact. The purpose of the rule is to promote judicial economy and convenience and to avoid unnecessary costs or delay.[2]  At noted previously herein, all three cases involve the same parties and the same or similar factual and legal allegations.[3]

Plaintiff's argument, although admitting that Judge Thynge appears "qualified, capable and able to bring all cases to a resolution," alleges that Judge Thynge's conduct is unethical because the court has not agreed with her regarding discovery disputes.[4]

On at least two occasions through teleconferences, the court has addressed plaintiff's claims that defendants refused to produce documents. On both occasions, the court has fully explored the issue. The fact that plaintiff thinks or believes that additional documents are available that relate to her claims is not enough. Not only did defendants respond to plaintiff's various requests for documents, they also served a

---

[2] Fed. R. Civ. P. 42(a) provides that "[i]f an action before the court involve a common question of law or fact, the court may: . . . (2) consolidate the actions. . . ." *See also Honeywell Int'l Inc v. AudioVox Comm. Corp. et. al.*, Nos 04-1337, 04-1338, 05-1538, 2005 WL 2465898, at *4 (D. Del. May 18, 2005); *D'Alessandro v. United States*, Nos. 04-137, 04-616, 2005 WL 984352, at *1 (D. Del. Apr. 27, 2005).

[3] This conclusion is supported not only by the complaints filed, but also by plaintiff's present motion in which she notes the litany of claims against defendants all arising from her employment and eventual termination.

[4] Attached to her present motion are practically all the documents that plaintiff has produced previously in the three matters, as well as the companion matter, *Ford v. Unum Life Insurance Co.*, C.A. No. 05-118-JJF. The attachments also include plaintiff's brief in support of her motion for summary judgment. That motion will be addressed in another opinion.

subpoena on Unum Life Insurance, the company that apparently handled the long term disability program for defendants, as well as, Lincoln National Life Insurance Company, who handled the pension benefits for them.  Defendants in their response to discovery and directly to the court during the various teleconferences repeatedly represented that they had forwarded all responsive documents.  Plaintiff has no basis to suggest that defendants made any misrepresentations that they have not provided the relevant documents.

Plaintiff suggests that the taking of her deposition was somehow improper in that counsel for defendants did not make available a copy of the deposition to review.  No where in the Federal Rules of Civil Procedure does that obligation exist.  Under Fed. R. Civ. P. 30, a party-deponent may be given the opportunity to review her deposition by the officer who recorded the deposition.  As evidenced by plaintiff's exhibits attached to her motion, Wilcox & Fetzer, the court reporters involved, forwarded a copy of her deposition taken on December 13, 2006, along with the errata sheet. The form letter notes that it was mailed on December 20, 2006 and specifically provides

> Enclosed is your copy of the deposition identified above, taken on December 13, 2006.  *Changes or corrections and the reasons therefor* must be noted on the attached Errata Sheet, not on the transcript itself.  *Rule 30(e) governing this procedure is noted below*.  As the rule provides the deposition may be filed as transcribed if it has not been signed within thirty days.
>
> Please return the completed Errata Sheet, signed by the deponent, to our office for insertion into the original and for filing with the court, if required.  We will send a photocopy of the signed Errata Sheet to all counsel.[5]

---

[5] Emphasis added.  Following the signature is a summary of the pertinent provisions of Rule 30(e).

Contrary to plaintiff's representations, a copy of her deposition, along with the proper instructions for review and to make changes was provided. Although she now claims over a year later that there are "numerous segments removed from the deposition" (which is further evidence that plaintiff had a copy for review), plaintiff apparently did not take the time to review her deposition and complete the errata sheet as instructed. Further, she has no basis to accuse defense counsel of removing portions of the deposition. Control of the original and the transcription itself remained with the court reporters.

Plaintiff provides no valid or legal basis for her present requests. Therefore,

IT IS ORDERED that plaintiff's motion to reassign (D.I. 78) is DENIED.

/s/ Mary Pat Thynge<br>UNITED STATES MAGISTRATE JUDGE