```
 1                IN THE UNITED STATES DISTRICT COURT
                  IN AND FOR THE DISTRICT OF DELAWARE
 2
                                 - - -
 3   STEPHANIE LYNN FORD,
                                       :    CIVIL ACTION
 4            Plaintiff,               :
                                       :
 5        v                            :
                                       :
 6   CHRISTIANA CARE HEALTH SYSTEMS,   :
     MR. RICHARD BURTON, and           :
 7   MRS. CLARA CLARK,                 :
                                       :    NO. 06-301 (KAJ)
 8            Defendants.
                                 - - -
 9
                         Wilmington, Delaware
10                 Monday, August 21, 2006 at 4:00 p.m.
                         TELEPHONE CONFERENCE
11
                                 - - -
12
     BEFORE:           HONORABLE KENT A. JORDAN, U.S.D.C.J.
13
                                 - - -
14   APPEARANCES:

15
                 STEPHANIE LYNN FORD
16
                         Pro Se Plaintiff
17

18               MORRIS JAMES HITCHENS & WILLIAMS, LLP
                 BY:  DAVID H. WILLIAMS, ESQ.
19
                         and
20
                 MORGAN LEWIS & BOCKIUS
21               BY:  THOMAS S. BLOOM, ESQ., and
                      KENDRA L. BAISINGER, ESQ.
22                    (Philadelphia, Pennsylvania)

23                       Counsel for Defendants

24
                                       Brian P. Gaffigan
25                                     Registered Merit Reporter
```

1                          - oOo -

2                      P R O C E E D I N G S

3              (REPORTER'S NOTE:  The following telephone

4    conference was held in chambers, beginning at 4:00 p.m.)

5              THE COURT:  Hi, this is Judge Jordan.  Who do I

6    have on the line?

7              MR. WILLIAMS:  Your Honor, David Williams local

8    counsel for the defendants.

9              MS. FORD:  This is Stephanie Ford, Your Honor.

10             MR. BLOOM:  And Tom Bloom and Kendra Baisinger

11   from Morgan Lewis on behalf of the defendants as well, Your

12   Honor.

13             THE COURT:  All right.  Thanks.

14             I have the July 31st letter from Mr. Williams

15   which has a scheduling order attached.  And I assume you

16   folks have this in front of you and we'll just roll through

17   this together.

18             Paragraph 1 is fine.

19             Paragraph 2, the September 21st, 2006 date is

20   fine.

21             3a, the 21-hour limitation in discovery is fine.

22             3c's proposed cutoff of December 21, 2006 is

23   fine.

24             Looking at paragraph 6, I know this is my

25   standard language but I'll ask you to strike the second

1  sentence because I'm going to let the magistrate judge
2  schedule you this as she can according to her own schedule.
3  But leave of the first sentence in there, of course.  Just
4  strike the second sentence of paragraph 6.
5           Paragraph 7, the interim status report in this
6  matter will be November 2, 2006.
7           Paragraph 8, the status conference we'll hold on
8  November 9, 2006 at 4:30 p.m.
9           I'll ask defense counsel to initiate that call,
10 so if you would change that language to say "defendant's
11 counsel."
12          Paragraph 9.  January 29, 2007 as the case
13 dispositive deadline is fine with me.
14          Paragraph 11.  We'll hold the pretrial
15 conference on June 18, 2007 at 4:30 p.m., which means I will
16 need the form of pretrial order from you folks on or before
17 May 18, 2007.  All right?
18          Now, that takes us to paragraph 14.  And let me
19 start with the defendants here.  If this matter were to go
20 all the way to trial, how many days do you think it would
21 take us to try this?
22          MR. BLOOM:  Judge, this is Tom Bloom.  My best
23 guess at this point is it should not take more than two
24 days, although there is a lot we really don't know at this
25 point, but I think that is a reasonable guess.

 1            THE COURT:  All right.  Ms. Ford, if this were
 2  to go to trial and you needed to present your claims to a
 3  jury with witnesses and documents and everything, how long
 4  do you think it would take to get that whole trial done?
 5            MS. FORD:  Two days is fine, Your Honor.  That's
 6  fine with me.
 7            THE COURT:  All right.  Is there a jury demand
 8  in this case?
 9            MS. FORD:  I would like to.  I was going to send
10  a letter in to Your Honor requesting a jury trial.
11            THE COURT:  All right.  We'll go ahead and mark
12  this down for a two-day jury trial beginning at 9:30 a.m. on
13  July 16, 2007.
14            Hold on just a minute here for the hours.
15            (Pause.)
16            THE COURT:  Both sides should plan on having
17  four and-a-half hours to present their case.  That's
18  4.5 hours.
19            Okay.  Now, Mr. Williams, you have this on your
20  system, I take it?
21            MR. WILLIAMS:  Yes, Your Honor.
22            THE COURT:  Would you please make the changes
23  we've discussed here and run that past Ms. Ford and make
24  sure that everybody is in agreement that it accurately
25  reflects what we've talked about here on the phone and then

1  send it on over for my signature, please?

2          MR. WILLIAMS:  Certainly.

3          THE COURT:  Thanks for your time.

4          MR. WILLIAMS:  Your Honor, should I put the

5  number of hours each side has in the order as well?

6          THE COURT:  Yes, you should.

7          MR. WILLIAMS:  Okay.  Thank you.

8          THE COURT:  Thank you.

9          MR. BLOOM:  Judge.  If I could ask one last

10 question.  This is Tom Bloom.  Does the 4.5 hours per

11 side just include witness testimony or is that including

12 everything, including openings, summations?

13         THE COURT:  It's the whole shebang.  It's any

14 time you are on your feet, other than the jury selection

15 part, of course.  So it includes objections.  If somebody

16 stands up and make an overly long objection, which I'm sure

17 won't happen, that's how the time counts.

18         Am I sensing in that a desire to ask for

19 additional time to try or defend this case?

20         MR. BLOOM:  Well, I suppose, judge.  My only

21 question is this:  No discovery has been taken yet.  As the

22 case proceeds, if it appears to us that it may take two

23 full days or more hours than have been allotted, is that

24 something we can come back to Your Honor with to request a

25 little more time?

```
 1                    THE COURT:  Well, I'll tell you what.  We'll
 2    put this down for three days because it's a lot easier to
 3    contract than it is to expand.
 4                    MR. BLOOM:  Very good.
 5                    THE COURT:  So I'll put I down for three.  The
 6    additional time that that is going to give you is -- that is
 7    going to mean that each side has a total of seven hours to
 8    present their case.  Don't feel like you have to take it
 9    all, if you don't need it.  All right?
10                    MR. BLOOM:  Very good.
11                    THE COURT:  Ms. Ford, do you understand that
12    adjustment?
13                    MS. FORD:  Yes.
14                    THE COURT:  Okay.  Now they've had a couple
15    questions on their side.  Any questions on your side?
16                    MS. FORD:  No.  No, Your Honor.
17                    THE COURT:  Okay.  Thanks for your time.
18                    MS. FORD:  Thank you.
19                    MR. WILLIAMS:  Thank you.
20                    MR. BLOOM:  Good-bye.
21                    (Telephone conference ends at 4:05 p.m.)
22
23
24
25
```